The State vs. Delue.

*E. W. Evans*, for appellant.
*A. G. Chatfield*, for appellees.

## THE STATE v. DELUE.

1. INDICTMENT.—In framing indictments, it is safer to pursue strictly the words of the statute in charging the offense, than to resort to words of similar meaning; and under a statute which defines the offense to consist in "wilfully and maliciously killing," etc., it is not sufficient to charge that the killing was "felonious, unlawful and malicious." The omission of either of the words "wilfully" or "maliciously" will be fatal.

The State vs. Delue.

2. SAME—CAPTION.—It is not necessary, either in the caption or body of an indictment, to allege that it is found or presented under the authority of the state, if it be alleged in it that the crime therein charged was committed against the peace and dignity of the state, and that the grand jury making the presentment were empanelled and sworn to inquire in and for the body of the county wherein the indictment is found. STOW, C. J., and LARRABEE, J., *dissenting*.

(1 *Chand.* 166.)

CASE certified from Circuit Court for *Sheboygan* County.

An indictment was found against the defendant, at the circuit court held in and for Sheboygan county, at the September term, 1848, under the provisions of the criminal statutes of Wisconsin, page 350, section 32. The body of the indictment is set forth in the opinion of the court; prefixed, there was also the ordinary caption, which was entitled "State of Wisconsin, Sheboygan county, ss."

A general demurrer was interposed to the indictment, which was argued at the same term. The presiding judge sustained the demurrer (subject to the opinion of the supreme court), and the case now comes up before this court upon such reference.

*J. S. Brown*, attorney-general, for the state insisted that it was not the meaning of the constitution that the indictment should be in the name of the people of the state of Wisconsin. That it was the presentation of the grand jury of the county in which the court was held, of which they were the jurors for presentment of offenses against the law. Arch. Crim. Law, 23.

2. That the conclusion of the indictment alleged the act done was "against the peace and dignity of the State of Wisconsin," and therefore it was a sufficient allegation to satisfy the requirement of the constitution of Wisconsin.

*Holliday*, for defendant, claimed that the indictment was defective in this; that it did not sufficiently show that it was found under the authority of the state, or in accordance with the requirements of the constitution in that behalf. Whart. Crim. Law, 65.

JACKSON, J.   This was an indictment found at the September term of the circuit court for Sheboygan county, against *Leopold Delue*, and which contains the following count, to wit:

"The jurors of the grand jury of the county of Sheboygan aforesaid, upon their oath present: that *Leopold Delue*, late of the village of Sheboygan, in the county of Sheboygan aforesaid, on the 11th day of September, in the year 1848, at the village of Sheboygan, in the county of Sheboygan aforesaid, one hog, of the value of five dollars, of the goods and chattels of one Christian Mohr, then and there being, feloniously, unlawfully and maliciously did kill, against the form of the statute in such case made and provided, and against the peace and dignity of the state of Wisconsin."

To this indictment a general demurrer was interposed, which was sustained by the court, and the defendant, who had been arrested, was discharged from custody.

The only point to be decided in this cause is as to the sufficiency of the indictment, which we cannot but regard as fatally defective.

It purports to be an indictment under our statute, yet varies from it in a material allegation.   The statute declares that "every person who shall *willfully* and *maliciously* kill, maim or disfigure any horses, cattle or other beasts of another person, shall be punished by imprisonment in the county jail, not more than two years, nor less than three months, or by a fine not exceeding five hundred dollars, nor less than fifty dollars."

The indictment charges that the defendant "feloniously, unlawfully and maliciously, did kill," etc.   Such a departure from the language of the statute, in charging the offense committed, is unauthorized by any of the standard authorities upon criminal law.   And although the ancient strictness in framing indictments is, in many instances relaxed, yet where an indictment is grounded upon such a statute, we think it a safer rule of practice to pursue strictly the words of the statute in charging the offense.   Where a statute, therefore, defines the offense

The State vs. Delue.

to consist in "willfully and maliciously" killing, etc., it must be expressly charged in the indictment that the offense was "willfully and maliciously committed;" and the omission of either the words "willfully" or "maliciously," will be fatal. Arch. Crim. Plead. 62.   Upon the same principle it has also been held, that "an indictment upon statute 7 and 8, G. IV, ch. 30, sec. 2, for feloniously, voluntarily and maliciously setting fire to a barn, was holden bad, because the words of the statute are "unlawfully and maliciously."   Arch. Crim. Plead. 62.

Another point, however, has been raised in the argument of this case, which we deem important to notice for the purpose of settling the practice in framing indictments, although the present must be held bad for the reasons which we have already stated.   It is insisted that, inasmuch as the constitution of this state requires (Art. 7, § 17) that "all criminal prosecutions shall be *carried on* in the name and by the authority of the state," that this indictment is defective in not alleging affirmatively that it is so prosecuted.

We do not think that it was designed by this provision to require, either in the caption or in the body of the indictment, an affirmative allegation in the language of the constitution; although such, perhaps, might be a more formal and appropriate practice.   It is doubtful, however, whether this provision of the constitution is applicable to *indictments*, which are but the presentments of grand juries, embodying in legal form, the result of their inquiries for the information of the court.   They are the basis upon which process issues against the offender; and which process may be considered as the first step in the prosecution specified in the constitution.   This process very properly issues in the name and by the authority of the state.   But the indictment being but a preliminary proceeding, leading to rather than constituting the prosecution, need not bear on its face the evidence of having been found by a grand jury acting expressly in the name of the state.   It is sufficient, in respect to the point objected to, if the venue be

laid in some county within the state, and it be substantially set forth therein, that the grand jurors are good and lawful men, duly empaneled, charged and sworn to inquire in and for the body of such county.

We think, however, that as the constitution expressly requires that all indictments shall conclude, "against the peace and dignity of the state," this is sufficient to show that the proceedings of the grand jury are conducted in the name and by the authority of the state; and that so far as the form of the indictment is concerned, the insertion of that clause is a sufficient assertion of state sovereignty, and all that the framers of the constitution contemplated in that respect. More particularity than this cannot be necessary to comply with both the letter and the spirit of the constitution.

These positions being, as we are satisfied, correct, it follows as a necessary conclusion, that this indictment, however defective in other respects, is not liable to the objection insisted on in the argument.

Judgment affirmed.

Stow, C. J., remarked (Larrabee, J., concurring), that he still thought, as at the circuit, that the indictment was good for nothing, and therefore concurred in affirming the judgment. But he could by no means assent to all the doctrines of the majority of the court. In his opinion it was indispensable that it should appear from the indictment itself, that it was found by the authority, and was prosecuted in the name, of the sovereign. So were all the precedents and all the authorities at common law, to say nothing of our express constitutional provision. The idea that an indictment is but the *basis* of a prosecution, and that the process or bench-warrant, issuing upon it, is the *first step* in the criminal proceeding, was to him a novel one, and which he could not sanction. It might, and probably would, be attended with serious embarrassments.