## THE STATE VS. GAFFREY.

1. INDICTMENT — CAPTION. — A defective or informal caption of an indictment is no ground for arresting judgment, as the caption is, in strictness, no part of the indictment, and is amendable.

2. SAME. — It is not enough, in an indictment, to charge the accused generally with the commission of an offense, but all the facts and circumstances constituting the offense must be specifically set forth.

3. SAME — ARSON. — An indictment for arson, which follows the language of the statute (R. S., ch. 134, sec. 5), and charges "that the accused did willfully and maliciously burn," etc., but does not allege that he "did set fire to, and by such firing, did then and there burn," etc., is sufficient.

4. SAME. — An indictment, which charges that the accused on, etc., at, etc., "did willfully and maliciously burn" a certain building, omitting to aver that it was "there situate," is fatally defective, the offense of arson being local in its nature, and in such case failing to show that the building was in the county in which the indictment was found.

(4 Chand., 163)

VOL. III. (Pin.) — 24

The State vs. Gaffrey.

ERROR to the Circuit Court for *Kenosha* County.

Indictment for arson. The questions involved are stated in the opinion of the court, and were certified up pursuant to the statute. The indictment cannot now be found, and so it is impossible to present the case more distinctly than in the opinion.

*S. Park Coon*, Attorney General, for the state.

*Doolittle & Chatfield*, for the defendant.

KNOWLTON, J. The defendant *Gaffrey* was indicted for the offense of arson in the county of Walworth. The venue was changed to the county of Kenosha, where a trial was had, and the defendant convicted. The counsel for the defendant moved in arrest of judgment. The court below denied the motion, but entertaining some doubt as to the questions raised on the motion in arrest, suspended its sentence, and certified the case to this court, under the statute.

The defendant's counsel contended, and indeed it was conceded by the attorney general upon the argument of the cause, that the indictment was very informal; but the points mainly relied upon and discussed, we will proceed to consider.

The first objection to the indictment raised by the defendant was, that it did not appear in the caption to the indictment that the grand jury who found it were a grand jury of the state of Wisconsin; nor that they were a grand jury sworn and charged to make inquiry and due presentment for the state of Wisconsin, in and for the body of the county of Walworth.

The indictment is clearly informal in this respect; but it has been held that the caption of an indictment is amendable, and within the principle decided by this court in the case of *The State v. Delue*, 1 Chand., 166 (2 Pin., 204), we are inclined to hold against the defendant on that point.

The next point relied upon by the defendant's counsel was, that the indictment does not charge *the act* done by the defendant, but the consequences of the act; and it was contended that the indictment should have contained the words, "did

set fire to, and by such firing then and there did burn." There can be no doubt as to the correctness of the general doctrine laid down in the books on criminal pleadings, that it is not enough, in an indictment, to charge a defendant generally with the commission of an offense, but all the facts and circumstances constituting the offense must be specifically set forth.

"It is not enough, in an indictment, to charge that the defendant murdered J. S., or committed burglary in the house of J. S., or stole a horse of J. S., or the like." Arch. Crim. Plead., 41.

The defendant's counsel, on the argument, relied upon the forms of indictment at common law and under the English statutes, found in 3 Chitty's C. L., 1127, in all of which the words, "set fire to, and by such firing did then and there burn," are found. But it is to be borne in mind, that the statute upon which the defendant was indicted does not contain the words "set fire to," which are found in the English statutes. R. S., ch. 134, sec. 5. The language of our statute is, "every person who shall willfully and maliciously burn," and as the indictment substantially follows the language of the statute on this point, we have not held the indictment bad for that reason.

But the third point raised by the defendant's counsel is fatal. The offense of arson is local in its nature (Arch. Crim. Plead., 53), and requires a local description of the building, the subject of arson. The words, "there situate," are material. For aught that appears in the indictment, the barn might have been situate in the state of Illinois. Besides, it is an invariable rule in criminal pleadings, that a venue must be laid of every material fact and issuable allegation contained in an indictment for felony. Arch. Crim. Law, 45, and cases cited; also, forms in 3 Chitty, 1127.

As to the reference contained in the indictment to another section of the statute, as a part of the description of the barn as the subject of the arson, we are inclined to the opinion that

it may be rejected as surplusage, and therefore it does not vitiate it.

But the indictment being fatally defective upon the third ground above mentioned, the judgment must be arrested.