Steuer vs. The State.

For the defendant in error there was a brief by *W. M. Tomkins*, District Attorney, and oral argument by *H. W. Chynoweth*, Assistant Attorney General.

STEUER vs. THE STATE.

*January 14 — January 29, 1884.*

*Criminal pleading — Practice — Waiver.*

A complaint under sec. 4393, R. S., must set forth the abusive or obscene language used.
2. Upon an appeal from a justice of the peace in a criminal proceeding, the defendant, before trial, may object to the sufficiency of the complaint, even though in the justice's court he pleaded not guilty and went to trial without objection.

ERROR to the Circuit Court for *Grant* County.

The case is thus stated by Mr. Justice TAYLOR:

"The plaintiff in error was arrested upon a complaint made in a justice's court. The complaint was intended to charge the accused with a violation of the provisions of sec. 4398, R. S. 1878, which reads as follows: 'Any person who shall assault another, when not excusable or justifiable, or who shall use in reference to and in the presence of another, or in reference to and in presence of any member of his family, abusive or obscene language, intended or naturally tending to provoke an assault or any breach of the peace, shall be punished by imprisonment in the county jail not more than three months, or by fine not exceeding one hundred dollars.'

"The following is a copy of the complaint made before the justice and upon which the warrant issued for the arrest of the accused, omitting the caption: 'James McCormick, having been duly sworn, on oath, complains in writing to a justice of the peace in and for Grant county, and says that *Henry Steuer* did, on the 7th day of June, 1883, at the town of Ellenboro, in said Grant county and state of Wisconsin, use to and in the presence of him, the said James McCormick, abusive language, intended and naturally tending to provoke an assault or breach of the peace, without any excuse or justification, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Wisconsin, and he therefore prays that the said *Henry Steuer* may be arrested and dealt with according to law.'

"The plaintiff in error was arrested and tried before the justice, and convicted. From the judgment of the justice he appealed to the circuit court. When the case was called for trial in that court, and before any evidence was produced on the part of the state, the plaintiff in error moved to quash the complaint and dismiss the prosecution, because the com-

plaint wholly omitted to set forth the language used by *Steuer*, which is alleged in the complaint to be abusive and intended to provoke an assault. The motion was overruled, and the plaintiff in error assigns this ruling of the circuit court as error. The state then introduced its evidence, and, after being instructed by the learned circuit judge, the jury returned a verdict of guilty as charged in the complaint. The plaintiff then moved the court for a new trial, because the charge of the judge was contrary to law and the verdict was not sustained by the evidence. This motion was denied, and thereupon the plaintiff in error moved the court in arrest of judgment, on the ground of the insufficiency of the complaint. This motion was also denied. Exceptions were taken to the several rulings of the court on said motions."

For the plaintiff in error there was a brief by *Clark & Mills*, and oral argument by *Mr. Clark*.

*H. W. Chynoweth*, Assistant Attorney General, for the defendant in error.

TAYLOR, J. We are clearly of the opinion that the complaint was insufficient under the statute, and that the motion of the defendant to dismiss the same and the prosecution, for that cause, should have been granted by the court, or, if not granted, the court should have ordered the complaint amended so as to set out the language used by the defendant, which it is alleged was abusive, etc. It is not urged by the attorney general that the complaint is sufficient in form, but it is claimed that, as the defendant had pleaded not guilty in the justice court and gone to trial upon that issue in that court without making any objection to the complaint, he had waived his right to except to its sufficiency in the circuit court. We do not think this was a waiver of his right. Upon appeal to the circuit court, and before trial, the accused had the right to except to the sufficiency of the complaint. This is the rule in a civil action, and we see no reason

why the same rule should not prevail in a criminal action. The appeal to the circuit court vacates the judgment of the justice, and he is tried again in that court as though the action were originally commenced there. See secs. 4714–4717, R. S.; *State v. Haas*, 52 Wis., 407, 412. In this case it is said: "He took his appeal, which we suppose had the effect, under the circumstances, to open his whole case for a new trial *de novo* in the circuit court, as well in respect to the law as the facts of the case." See, also, *State v. Tall*, 56 Wis., 577, to the same effect.

The motion to dismiss the complaint for insufficiency was made in time. If not sufficient the defendant had waived nothing at the time the motion was made, and it does not present the question whether it would have been sufficient after verdict under sec. 4669, R. S., which was the real question in the case of *Bonneville v. State*, 53 Wis., 680.

The general rule laid down by Wharton as to the sufficiency of a complaint or indictment which charges the offense in the language of the statute is, we think, the true rule. He states the rule thus: "On the general principles of common law pleading, it may be said that it is sufficient to frame the indictment in the words of the statute, in all cases where the statute so far individuates the offense that the offender has proper notice, from the mere adoption of the statutory terms, what the offense he is to be held for really is. But in no other case is it sufficient to follow the words of the statute. It is no more allowable, under a statutory charge, to put the defendant on trial without specification of the offense, than it would be under a common law charge." Wharton's Crim. Pl. & Pr. (8th ed.), § 220. The learned author instances statutory offenses, such as obtaining goods under false pretenses, or by falsely personating another, for committing a fraud in an election, and for making a revolt, in all of which it is held that it is not sufficient to charge the offense in the language of the statute, but the

facts showing that the offense has been committed must be stated. To these may be added the offense of libel. This court has held that in an indictment or complaint for obtaining goods under false pretenses, it is necessary to set out the pretenses used, as well as the other facts which constitute the offense. *State v. Green*, 7 Wis., 676; *State v. Crowley*, 41 Wis., 271, 276. In the case of libel it would not be held for a moment that a criminal complaint for that offense was good which did not set out the libelous writing, or such parts of it as constituted the libel charged. The punishment of written or printed slanderous matter was, undoubtedly, predicated upon the same ground as the punishment of abusive and obscene spoken words, viz., that they provoke a breach of the peace or the commission of other crimes; and in the one case it is necessary, in order to make a good complaint or indictment, to set forth the libelous words written and published, and in the other the abusive or obscene words which constitute the offense; otherwise it does not appear on the face of the complaint or indictment that any offense has been committed, except as a conclusion of law not predicated upon any fact stated. A complaint to be good, as charging the offense of using abusive or obscene language, as specified in said sec. 4398, must set out the language used, so the court can judge, as a question of law, whether any offense has been committed under that section.

The objection to the complaint having been made before trial, it should have been sustained, and it was error to overrule it and compel the accused to go to trial upon the insufficient complaint. It is unnecessary to determine, in this case, whether the court might have permitted the complaint to be amended, or whether, if no objection had been taken until after verdict, the complaint would have been sufficient to sustain a judgment upon the verdict. Having taken his objection in time, the defendant waived nothing by defending himself upon the trial.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to the circuit court to dismiss the complaint and discharge the defendant.