Peters, Plaintiff in error, vs. The State, Defendant in error.

*April 17 — May 15, 1886.*

*Criminal law: Abusive language: Pleading.*

A complaint for the use of abusive or obscene language tending to provoke an assault, should state that such language was used in the presence of the complainant or of some member of his family.

ERROR to the Circuit Court for *Taylor* County. The case is sufficiently stated in the opinion.

For the plaintiff in error there was a brief by *John B. Hagarty,* attorney, and *J. K. Parish,* of counsel, and oral argument by *Mr. Parish.*

*H. W. Chynoweth,* Assistant Attorney General, for the defendant in error. [No brief on file.]

Cole, C. J. The plaintiff in error, defendant below, was prosecuted under sec. 4398, R. S., for using, in reference to

the wife of the complainant, abusive or obscene language intended or naturally tending to provoke an assault or breach of the peace. The original complaint charged that the defendant "did use, in reference to Victoria Ihne, wife of complainant and a member of his family, and in the presence of others, abusive and obscene language intended to and tending to provoke an assault and breach of the peace, against," etc. In the justice's court the defendant objected to any evidence being introduced under the complaint, because it did not state any offense. But, against the defendant's objection, the prosecution asked and obtained leave to amend the complaint by inserting after the word "language" the following words, to wit: "Whore," "sow," "a vulgar woman." The defendant was convicted before the justice, and appealed to the circuit court, where he renewed the objection that the complaint did not state facts sufficient to constitute an offense under the section. The objection was overruled, and trial had. At the close of the testimony on the part of the state the defendant moved that the cause be dismissed. This motion was denied. It had been shown by the evidence that the abusive or obscene words were spoken in German, and the circuit court, at this stage of the cause, directed the district attorney to draw an amended complaint, setting forth therein, in the German language, the words "Luder," "Hure," "Sau," which were used concerning Victoria Ihne, and which words were alleged to mean in English, a "whore," "a sow," "low vulgar woman." The amendment was accordingly made as directed, against the defendant's objection. The defendant then introduced his evidence, and the jury, under the charge of the court, returned a verdict of guilty. A motion for a new trial was made for various errors alleged, which was denied. After this motion was denied the circuit court ordered the district attorney to make a further amendment to the complaint by inserting

therein, after the word "woman," these words, "intended and naturally tending to provoke an assault and breach of the peace." A motion in arrest of judgment was then made, which was overruled.

Several errors are relied on here for a reversal of the judgment. We shall only consider the one which relates to the sufficiency of the complaint, and which is raised several times upon the record. We think, notwithstanding the various amendments made to the complaint as above detailed, it was fatally defective at last, and will not sustain the conviction. It is strenuously objected that the court improperly permitted the amendments to be made after the defendant moved that the prosecution be dismissed, and after the motion for a new trial was overruled. We shall express no opinion as to the propriety of allowing or directing the amendments to be made at the time and in the manner they were made. The defendant resisted them constantly, claiming that he had the right to know the nature of the accusation made against him before he was called upon to answer it. But, assuming that the amendments, under the circumstances, were properly allowed, still we are clear that the complaint entirely failed to state an offense under the section. · Doubtless the abusive or obscene words were inserted in the original complaint to meet the ruling in *Steuer v. State*, 59 Wis. 472. It was there decided that a complaint, to be good as charging an offense under this section, should set out the language used, so that the court can determine, as a question of law, whether or not an offense has been committed under it. But the fatal defect in the complaint in this case is that it is not charged therein that the abusive or obscene language in reference to Victoria Ihne was addressed to her, or used in her presence, or was used in the presence of the complainant and his wife, or either of them, though it is alleged that it was used about her in the presence of others; that is to say, in the presence

of strangers.    But, while this would show that the defend-
ant had grossly slandered Mrs. Ihne, it does not state the
offense mentioned in the statute.    The statute makes the
offense to consist in the " use, in reference to and in the pres-
ence of another, or in reference to and in the presence of
any member of his family," of abusive or obscene language
intended or naturally tending to provoke an assault or any
breach of the peace.    It plainly includes the case where vile
and abusive language, which is naturally calculated to pro-
voke an assault, about A. is used in his presence.    It also
covers the case where such language in reference to A.'s
wife, or other member of his family, is used in the presence
of A. and of such member.    For the natural impulse of
human nature is to resent by violent means the use of such
language in the presence of the person to whom it is ap-
plied, or about a member of his family in his presence and
the presence of such member.    But the use of foul and
abusive language about one not present, or where there is
no member of his family present, does not naturally tend
to provoke an assault or breach of the peace, therefore is
not within the statute.    It was essential that the complaint
should not only set out the abusive and obscene words used
in reference to Mrs. Ihne, but should have charged that they
were used in the presence of complainant and his wife;
certainly, that they were used in the presence of one of
them.    There is no charge of the kind made, nor any alle-
gation equivalent to it, and for this reason no offense is
stated.

*By the Court.*— The judgment of the circuit court is re-
versed, and the cause is remanded with directions to dismiss
the complaint and discharge the defendant.