## JESSE WALTON v. THE STATE.

CRIMINAL PRACTICE.   *Indictment for profane swearing.   What to contain.*
   An indictment under a statute which makes it a crime to "profanely swear and curse in a public place," must set out the language upon which it is based.

APPEAL from the Circuit Court of Panola County.

HON. A. T. ROANE, Judge.

Jesse Walton was indicted, tried, and convicted upon an indictment charging that he " did unlawfully in a public place, to wit: on the streets of the town of Sardis, and in the presence of two persons, profanely curse and swear, contrary to the form of the

statute in such case made and provided." The obnoxious words were not set out in the indictment. There was a motion to quash the indictment for that reason, and it was overruled. The defendant appealed to this court.

*Miller & Rainwater*, for the appellant.

We respectfully insist that the indictment charges no offense, and should have been quashed. If it was intended to charge profanity—profane cursing and swearing—then it should have set forth the *words* used, so that the indictment would show affirmatively upon its face an offense, and in order that the court might determine whether the alleged words really constituted the offense of profanity. All cursing or swearing is not necessarily *profane*. The statute says, " If any person shall *profanely* swear or curse." Code of 1880, § 2974. It is a constitutional right secured and guaranteed to the accused " to demand the nature and cause of the accusation" against him, and this is a right he cannot even waive. Const., article i, § 7 ; *Prophit* v. *State*, 12 Tex. App. 233, 395, 614, and 619 ; *Newcomb's Case*, 8 Geo. 383; *Murphy's Case*, 2 Cush. 590 ; *State* v. *Graham*, 38 Ark. 519 ; *Norris' Case*, 4 Geo. 373 ; 1 Whart. Crim. L., § 372.

*T. M. Miller*, Attorney General, for the State.

It is true as a general rule that indictments on statutes are sufficient if they charge the offense in the language of the statute, when the description of the offense in the statute, taking into consideration its nature and the natural and legal import of the words and terms used in designating it, is such as to convey a certain and full idea of the offense intended to be created. And it is only where the words used in the statute do not describe the offense so as to convey to the mind a full and clear idea of everything necessary to constitute the crime, that the full measure of the offense must be charged by the use of such words as are necessary and proper.

And if a defendant asks for greater particularity in the indictment than simply following the statutory terms he should show that the case is one which requires it in departure from the general rules. 1 Bish. Cr. Pr. 611, and notes ; 1 Ib. 628–9, and note ;

*Jesse's Case*, 6 Geo. 109; *Riley's Case*, 43 Miss. 397; *Whiting* v. *The State*, 14 Conn. 487.

The indictment in this case accords with precedent. Wharton's Precedents 688.

Wharton says that, where the statute so far individuates the offense that the offender has proper notice from the mere adoption of the terms employed, an indictment in the language of the statute is sufficient. Wharton Cr. Pl. and Proc., § 220.

COOPER, C. J., delivered the opinion of the court.

The motion to quash the indictment should have been sustained. The words spoken constituted the gist of the offense, and should have been set out in the indictment. 3 Bishop on Cr. Proc. 123; 1 Wharton on Cr. L. 351; *Steuer* v. *The State*, 59 Wis. 472.

*Judgment reversed and indictment quashed.*