<hr />

FINSKY, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 11—March 14, 1922.*

*Intoxicating liquors: Dealers in nonintoxicating beverages: Unlawful liquor upon premises: Title: Use in evidence: Information: Stating crime in words of statute: Judicial notice: Acts of Congress: Search of dealer's premises: Warrant: Permission: Instructions: Harmless error.*

1. An indictment is sufficient which states the crime in the words of the statute in all cases where the statute so far individuates the offense that the offender has proper notice, from the mere adoption of the statutory terms, what the offense charged really is.

2. Under sec. 1569—8, Stats. 1919, providing that no person shall
have in his possession or under his control in the building in
which he conducts his business of selling or dispensing non-
intoxicating beverages any intoxicating liquor, an informa-
tion charging the offense substantially in the language of the
statute was sufficient within sub. (4), sec. 4658, requiring the
offense to be set forth with such degree of certainty that the
court may pronounce judgment, as the statute sufficiently in-
dividuates the offense.

3. Though sec. 1569—3, Stats. 1919, after defining intoxicating
liquor, provides that, if Congress shall by a valid act define
such words, such definition shall be adopted, an information
charging defendant with having intoxicating liquors as de-
fined by such section in his possession and under his control,
in violation of sec. 1569—8, need, not specifically allege that
Congress by a valid act has defined the words "intoxicating
liquor" as used in the Eighteenth amendment to the federal
constitution, as the court takes judicial notice of the constitu-
tion and statutes of the United States.

4. Under said sec. 1569—8, giving the prohibition commissioner
or his deputies the right of access at all reasonable hours to
premises occupied by any retail dealer in nonintoxicating
beverages, search could be made without warrant or without
license of the dealer, and liquor found by a deputy prohibition
commissioner concealed on the premises of such a dealer was
detected and seized by him pursuant to legal authority, which
the legislature, under the police power, could delegate.

5. Under sec. 1569—13, Stats., providing for the forfeiture of
liquors kept by dealers in nonintoxicating beverages in the
building where such business is conducted, such liquor when
seized became the property of the state, which thereby be-
came vested with the right of property and possession thereof,
and the liquor could be offered in evidence in a prosecution
against the dealer.

6. An instruction that the law presumed defendant to be innocent
and that the "doubt" remained in his favor throughout the
trial until removed by evidence which convinced the jury of
his guilt beyond all reasonable doubt, was erroneous; but
from an examination of the whole proceeding under sec.
3072m, Stats., this court is convinced that the error was not
prejudicial.

Error to review a judgment of the county court of Wal-
worth county: Aldro Jenks, Acting Judge. *Affirmed.*

The defendant was charged in the information of the

district attorney, before the county court of Walworth county, with having in his possession and under his control on the 30th day of March, 1921, in a building occupied by him and situated in the city of Lake Geneva, Walworth county, Wisconsin, in which building he conducted his retail business of selling nonintoxicating beverages, also intoxicating liquors, as defined by sec. 1569—3 of the Statutes, contrary to the provisions of sec. 1569—8 of the Statutes. The action was tried before a jury and the defendant was found guilty, whereupon the court sentenced him to serve a term in the county jail and to pay a fine, etc. The cause is now before this court on a writ of error sued out by the defendant.

For the plaintiff in error there was a brief by *Charles S. French* and *H. A. Burdick,* attorneys, both of Lake Geneva, and *Jerome J. Foley* of Racine, of counsel, and oral argument by *Mr. Foley.*

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt* and *Mr. Easton Johnson,* district attorney of Walworth county.

DOERFLER, J. When the information was filed in the county court the defendant made and filed a motion to quash the same for the reason that it did not sufficiently charge him with the commission of an offense under the laws of the state of Wisconsin. The refusal of the court to grant defendant's motion constitutes his first assignment of error.

The information is as follows:

"I, Easton Johnson, district attorney for Walworth county, Wisconsin, hereby inform the court: That *Joseph Finsky* did, on the 30th day of March, A. D. 1921, at said county and state aforesaid, in the city of Lake Geneva, keep and have in his possession for retail sale, nonintoxicating beverages as defined in sec. 1569—3 of the Wisconsin Statutes, and that the said *Joseph Finsky* did then and there have in his possession and under his control, in the building

occupied by him, situated in the city of Lake Geneva, Walworth county, Wisconsin, in which building he conducts his business of retail and having for sale nonintoxicating beverages, also intoxicating liquors as defined in said sec. 1569—3, and contrary to the provisions in sec. 1569—8 of the Wisconsin Statutes, against the peace and dignity of the state of Wisconsin."

Sec. 1569—8, Stats., provides:

"No person who shall keep or have in possession for retail sale nonintoxicating beverages as defined in section 1569—3 hereof shall at any time have in his possession or under his control in the building in which he conducts his business or selling or dispensing any such beverages, any intoxicating liquor as defined in said section. The prohibition commissioner or his deputies shall have the right of access at all reasonable hours, without notice, to the premises occupied by any such retail dealer in nonintoxicating beverages, to investigate if this provision is being violated."

Sec. 1569—3, Stats., is as follows:

"Intoxicating liquor, within the purview of said constitutional amendment and the provisions of this act, shall be construed to be and include all liquors and drinks of whatsoever name or description, including patent or proprietary medicines, capable of being used as a beverage, containing more than two and one-half per centum of alcohol by weight at sixty degrees Fahrenheit. But if the Congress of the United States shall hereafter by a valid act which shall become the law of the land and be paramount to any state laws on the subject, define the words 'intoxicating liquors' as used in article 18 of the constitution of the United States, then such definition, from the time such act of Congress becomes operative, shall be the definition thereof under this subdivision."

Sec. 4658, Stats., provides:

"The information shall be sufficient if it can be understood therefrom: . . .
"(4) That the offense charged is set forth with such degree of certainty that the court may pronounce judgment upon a conviction according to the right of the case."

The information as above set forth charges the commission of the alleged offense substantially in the language of the statute. It is sufficient to frame the indictment in the words of the statute in all cases where the statute so far individuates the offense that the offender has proper notice, from the mere adoption of the statutory terms, what the offense he is to be held for really is. Wharton, Crim. Pl. & Pr. (8th ed.) § 220; *Steuer v. State*, 59 Wis. 472, 475, 18 N. W. 433.

The offense charged, in plain language, consists of the offender having in his possession, at his place of business where he is licensed to sell nonintoxicating beverages, prohibited intoxicating beverages. It would therefore appear clearly that the statute creating the offense individuates the same to such an extent that the offender, in the use of the statutory terms contained in the information, can readily determine what the offense really is with which he is charged. In fact, if the language of this statute does not individuate the offense sufficiently, then it is difficult to conceive of language of a statute which does so. It follows, therefore, that if the language used in the information is sufficiently certain to convey to the defendant proper notice of the offense with which he is charged, then the offense charged is set forth with such degree of certainty that the court may pronounce judgment upon a conviction according to the right of the case, as required by sub. (4), sec. 4658, Stats., above quoted.

It is also claimed by defendant's counsel that the information is defective in that it does not specifically allege that Congress by a valid act defined the words "intoxicating liquors" as used in art. XVIII of the constitution of the United States.

The information specifically charges the defendant with having had in his possession and under his control, etc., intoxicating liquors, and expressly refers to the section of the statute which defines intoxicating liquors. The court

takes judicial notice not only of the constitution and statutes of this state, but also of the constitution and statutes of the United States, and therefore such reference to the statutes not only fully apprises the court with a sufficient degree of certainty of the offense with which the defendant is charged, so as to enable it to pronounce judgment upon a conviction, but also brings home similar notice and information to the defendant.

It has been held in relation to statutory offenses that the usual and safer practice in drawing informations and indictments is to pursue the language of the statute, because it is not likely that more apt and appropriate expressions can be employed to convey the meaning of the legislature than the words which the legislature itself employed for that purpose.     10 Ency. Pl. & Pr. 486, and cases cited.

It has been held by this court that an indictment for obtaining goods under false pretenses must set out the pretenses used as well as the other facts which constitute the offense.     *State v. Green,* 7 Wis. 676; *State v. Crowley,* 41 Wis. 271, 276.

It was also held in *Steuer v. State,* 59 Wis. 472, 476, 18 N. W. 433, in referring to a complaint charging abusive and obscene spoken words, that it is necessary, in order to make a good complaint, to set forth the abusive and obscene words which constitute the offense, otherwise it does not appear on the face of the complaint that any offense has been committed.     The mere charge that a person has obtained goods under false pretenses, or that he has been guilty of the offense of libel, or that he has been guilty of using obscene and abusive language tending to provoke a breach of the peace, does not give the court sufficient information as to whether or not an offense has in fact and in law been committed.

The offense as charged in the information in the instant case differs materially from the offense charged generally in an action of libel or in a complaint charging abusive and

obscene language, and of false pretenses, in that the wording of the statute individuates the offense so that it can be determined from the face of the information what the precise offense is with which the defendant is charged, thus bringing home to both the court and the defendant the necessary notice required by law.

After the impaneling of the jury and before the introduction of any evidence, the defendant by motion demanded the return of the goods seized by the officers and the sup-. pression of any evidence with respect to any of the illicit goods seized, on the ground that the seizure of such goods was made under a void search warrant. The refusal of the court to comply with this motion constitutes defendant's second assignment of error.

The record reveals beyond contradiction that on March 13, 1921, one Bloodgood, a deputy prohibition commissioner, together with one White, the sheriff of the county, and several deputy sheriffs, entered in and upon the premises of the defendant, referred to in the information, said sheriff having in his possession an alleged search warrant. The deputy prohibition commissioner in making a search of the premises found behind the bar, in a waste basket, a bottle of liquor containing, as testified to by one Keebler, assistant chemist of the Wisconsin dairy and food commission, 44.64 per cent. of alcohol by volume. There is also credible testimony that when the deputy prohibition commissioner made the search which resulted in finding the liquor aforesaid, the defendant not only consented to the investigation of the premises but expressly invited the same.

We will not consider in the opinion in this case the sufficiency or the validity of the search warrant referred to, as we deem it unnecessary, under the circumstances, to go into the matter. Independent of the actual consent given by the defendant, we are convinced that the prohibition commissioner and his deputies had full authority in law at all times to make an investigation of these premises. The busi-

ness of selling nonintoxicating liquors is conducted under license, and the palpable object which the legislature had in mind in enacting sec. 1569—8, *supra,* which authorizes an investigation of the premises of the licensee by the prohibition officer and his deputies, was to afford ample opportunity to ascertain whether the licensee in any respect violates the terms and conditions under which his license was granted, and particularly to afford an opportunity to determine whether, under the guise of a license, prohibited intoxicating liquors are being sold. Without the latter provision of the statute the object and purpose of the liquor laws would be emasculated and frustrated. This liquor was therefore detected and seized by the prohibition officer pursuant to legal authority granted by the legislature. Such authority so delegated is pursuant to the police power of the state, and by numerous statutes in this state similar power of investigation has been extended to state officials for the purposes of law enforcement.

Sec. 1569—13, Stats., provides:

"All such liquors kept by retail dealers in nonintoxicating beverages as defined in said section and on hand in the building where such business is conducted at the time this act becomes operative, or at any time subsequent thereto, shall be deemed contraband and subject to seizure by the prohibition commissioner."

The liquor, under the statute last referred to, was contraband, and in contemplation of law, when the defendant came into possession of the same, was at all times liable not only to seizure but to forfeiture, and immediately became the property of the state, and the state was vested with the right of property and possession thereof. *U. S. v. Fenton,* 268 Fed. 221, 222. See, also, *U. S. v. Stowell,* 133 U. S. 1, 16, 10 Sup. Ct. 244, 33 Lawy. Ed. 555. Having forfeited both ownership and right of possession, and the title of such liquor in contemplation of law being in the state, and the

Finsky v. State, 176 Wis. 481.

seizure thereof being lawful, the article seized can be introduced in evidence in the case against the defendant.

Counsel for defendant assigns as error the giving of the following instruction to the jury:

"The law presumes the defendant to be innocent and that doubt remains in his favor throughout the trial until it is removed by evidence which convinces the jury beyond all reasonable doubt that he is guilty."

The court evidently used the word "doubt" in its instructions instead of the word "presumption." This instruction is clearly error; but can it be said that it constitutes prejudicial error in the sense that it has affected the substantial rights of the defendant as provided by sec. 3072m, Stats.? From the facts herein disclosed and from an examination of the record in the entire action, it is our opinion that such error does not constitute prejudicial error. The possession of the liquor and its alcoholic contents as disclosed by the chemist are uncontradicted. The guilt of the defendant was therefore clear, and the jury in any event could not conscientiously render a verdict otherwise than that of guilty. If the instant case involved a close question of fact, sharply contested, and it appeared from the record that reasonable men might come to different results after listening to the evidence, a different situation would be presented, and it would then become incumbent upon us to hold the error prejudicial, and to reverse the judgment and sentence of the lower court and order a new trial.

Other objections have been urged to the instructions, but suffice it to say that we have examined the instructions of the court carefully and we find no prejudicial error in the same.

The judgment and sentence of the lower court is therefore affirmed.

*By the Court.*—It is so ordered.