LISKOWITZ, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 14, 1938—January 10, 1939.*

For the plaintiff in error there were briefs by *Shannon & Cronin* of Oconomowoc, and oral argument by *T. T. Cronin.*

For the defendant in error there were briefs by the *Attorney General, Scott K. Lowry,* district attorney of Waukesha county, and *Roland J. Steinle,* assistant district attorney, and oral argument by *Mr. Steinle* and *Mr. H. H. Persons,* assistant attorney general.

The following opinion was filed November 9, 1938:

FOWLER, J. The defendant assigns as error: (1) The denial of defendant's motion made before the impaneling of a jury to quash the indictment as a whole and as to each separate charge therein on the ground that the indictment as a whole and as to each separate charge did not state an offense; (2) the denial of defendant's motion made at the close of the evidence for discharge on the ground that no offense had been proved; (3) the denial of defendant's motion to submit to the jury only two verdicts for their consideration, one of guilty and one of not guilty, instead of two such verdicts upon each charge; (4) the denial of the defendant's motion to dismiss or for a new trial on the ground that the proper venue was not laid or proved.

(1) The indictment contains six separate charges. The charges are not denominated or numbered as counts, but they will be referred to herein as counts by number in the order in which they appear in the indictment.

Count 1 states that the defendant was at the time mentioned the duly elected, qualified, and acting sheriff of Waukesha county; that as such it was his duty to enforce within the county the criminal laws of the state, and not knowingly to permit the violation of such laws therein, and not to refrain from arresting or directing the arrest of persons violating such laws therein; that the keeping and using of the

gambling devices known as slot machines constitutes an offense; that such machines were maintained and operated within the county in the tavern of one Carroll, between October 20 and October 27, 1937; that a citizen of the county complained of such operation to the district attorney of the county, the district attorney took the citizen to the defendant for the purpose of having him sign a complaint and made complaint directly to the defendant; that the defendant said he would immediately act upon the complaint and directed a deputy sheriff to proceed immediately to the tavern of Carroll, and arrest him for operating said gambling devices and to seize them; that the deputy proceeded to the tavern of Carroll to carry out the said direction of the defendant, and that while the deputy was on the way to the tavern, the defendant communicated with Carroll and advised him that the deputy was on the way to seize the said slot machines and arrest him and advised Carroll to "get his slot machines down immediately" so that they would not "be set up and kept for operation" when the deputy arrived; that Carroll acting on this "tip," secreted the machines, and the deputy sheriff could not find them on his arrival, and therefore did not seize the machines or arrest Carroll; and that the defendant's said conduct "was a wilful and intentional neglect and breach of his official duties as aforesaid, and wilful and intentional neglect to perform" them.

The second count contains the same general allegations above stated that precede the allegations as to "tipping off" Carroll which are followed by the general allegation that between January 15 and January 23, 1936, the defendant "did wilfully and intentionally fail, refuse, neglect and omit to fully perform his official duties in that he did wilfully fail, neglect, refuse and omit to use any proper effort and to employ proper means within his power and to make any proper endeavor to stop gambling and the operation of gambling devices known as slot machines," and that gam-

bling was then in progress and slot machines were being operated at various places in Waukesha county, and that this conduct was contrary to statute. No places were mentioned where gambling was going on or slot machines were operated, and no persons were named who were conducting gambling places or operating slot machines.

The remaining counts of the indictment are in the same language as Count 2. Count 3 limits the charge to between May 1 and May 31, 1937; Count 4 to between June 1 and June 30, 1937; Count 5 to between July 1 and July 31; and Count 6 to between August 11th and August 31st of that year.

It is claimed the defendant thus violated sec. 348.29, Stats., which reads:

"Any person mentioned in section 348.28 who shall . . . refuse or wilfully neglect to perform any duty in his office required by law, . . . shall be punished. . . ."

Sec. 348.28, Stats., provides that "any officer . . . of any county," who commits certain acts "shall be punished."

We think it too plain to permit of argument that Count 1 of the indictment states that the defendant in giving to Carroll the information and advice alleged did "refuse and wilfully neglect to perform" a "duty required in his office," and thereby committed a criminal offense comprised within the statute. This disposes of the contentions that Count 1 of the indictment, and the indictment as a whole, does not state an offense. The court committed no error in refusing the motions of the defendant to quash the indictment and to quash Count 1 thereof.

As to the remaining counts of the indictment, however, it appears to us otherwise.

We are of opinion that none of Counts 2 to 6 sufficiently states an offense because it does not charge any specific act

.or omission of the defendant. It is not sufficient to charge generally that the accused committed an offense. The early cases in this state are to the effect that "all the facts and circumstances constituting an offense must be specifically set forth." "To constitute a proper charge of an offense created by statute, every circumstance necessary to an exact description of the offense as defined by the statute creating it must be critically set forth." 2 Callaghan's Wis. Dig. p. 1615, § 126, citing *State v. Gaffrey,* 3 Pin. 369; *In re Booth,* 3 Wis. *157. The strictness of the rule in this respect has been modified by the statute providing that it is sufficient to charge an offense in the language of the statute, sec. 355.33, Stats., and by several statutes relating to specific offenses. The effect of these statutes is discussed in *Spoo v. State,* 219 Wis. 285, 288, 262 N. W. 696. It is there pointed out, citing *Finsky v. State,* 176 Wis. 481, 187 N. W. 201, that in stating statutory offenses enough must be stated to so "individuate the offense that the offender has proper notice . . . [of] what the offense he is to be held for really is." This statement implies that an indictment or information must inform the accused of what particular acts it is claimed he committed or of what particular omission it is claimed he was guilty. If a crime involving personal violence were charged in the language of the statute creating it without stating upon whom the act of violence was committed, or if burglary were charged without mention of the premises burglarized, it could hardly be claimed that the information or indictment notified the accused of the particular crime for which he was put upon trial. The rule is that a statement of an offense in the language of the statute is sufficient whenever enough is stated in connection with the use of the statutory language to inform the accused of the particular act of violation claimed. *Rosenberg v. State,* 212 Wis. 434, 249 N. W. 541. Conversely, if enough is not stated so to inform

him, or, in other words, to individuate the offense, it is not sufficient.

The defendant's motions to quash Counts 2 to 6 were made before impaneling of the jury. Being timely, they should have been granted. Just what to do about it is not so clear. Sec. 274.37, Stats., provides that—

"No judgment shall be reversed or set aside or a new trial granted in any action or proceeding, civil or criminal, on the ground of . . . the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party" complaining.

It was error to receive evidence upon any count except Count 1. That the defendant was proven guilty on Counts 1, 3, 4, and 5 as found by the jury is clear. Because no useful purpose would be served by detailing the evidence we do not state it. But it was not only error to admit the evidence on these counts except Count 1, but it was error to compel the defendant to go to trial on them because the counts did not sufficiently charge an offense. It would seem, apart from other considerations, that to compel the defendant to go to trial in that situation affected "his substantial rights." In *Howard v. State,* 139 Wis. 529, 121 N. W. 133, a conviction was set aside on the stated ground that the defendant "was found guilty and sentenced upon an information that charges [charged] no offense in the law." But the information charged a specific act of the defendant for which he was put upon trial, and that act did not constitute an offense, and it was really for this rather than for the insufficiency of the information that the judgment was reversed. Had the instant defendant not raised the objection before a jury was impaneled he would have waived objection to the sufficiency

of the indictment under sec. 355.09, Stats., and the convictions upon Counts 3, 4, and 5 would have been proper. But we are of opinion that the defendant's substantial rights were affected when he was erroneously put upon trial, and that the judgments and sentences upon the counts other than the first should be reversed. It is true that the sentences upon these other counts will have been served when he has served his sentence upon the first count, and that he is thus not subjected to imprisonment by reason of the wrongful convictions. But this was the situation in *Lochner v. State,* 218 Wis. 472, 261 N. W. 227, in which this court affirmed sentences on proper convictions under an information containing several counts and reversed the sentences on erroneous convictions.

(4) What is said above disposes of assignments of error (2) and (3) first above stated, and leaves for consideration only assignment (4) as to venue.

The contention of the defendant here is that by the state constitution, sec. 7, art. I, the accused is entitled "to trial by an impartial jury of the county or district wherein the offense shall have been committed," and that because Waukesha county is divided into two municipal court districts and the municipal courts have jurisdiction to try the offenses charged against the defendant, the jury should have been drawn from the municipal court district in which the offense charged was committed. Had the prosecution been laid in a municipal court of the county, no doubt the jury trying him should and would have been selected from the district comprising that court's territorial jurisdiction. But the jurisdiction of the municipal courts is concurrent with that of the circuit court in criminal cases. The circuit court had jurisdiction. The trial being in the circuit court, it seems manifest that the jury was properly drawn from the county. The county is "the district" comprising the territorial jurisdic-

tion of the circuit court for a county, and is "the district wherein" the offense of which the defendant was convicted was committed.

*By the Court.*—The judgment and sentence of the circuit court upon Count 1 stated in the indictment is affirmed; the judgments and sentences upon Counts 3, 4, and 5 are reversed.

A motion for a rehearing was denied, without costs, on January 10, 1939.