John Hines, plaintiff in error, vs. The State of Georgia, defendant in error.

[1.] An indictment for selling liquor to a slave, alleged that it was the second offence.

*Held*, That this was an allegation for the jury and not for the Court.

[2.] It is sufficient, if the offence be stated in the language of the code.

[3.] When liquor is furnished to a slave, it is to be presumed, *prima facie*, that it is furnished for the slave's own use.

[4.] The Act of 1850, which renders attorneys at law incompetent to testify in certain cases, does not extend to the Attorney General.

Certiorari, in Richmond Superior Court. Decision by Judge Holt, at November Term, 1858.

John Hines was indicted in the City Court of Augusta, for the offence of *selling or furnishing* whisky to a slave, without the knowledge or consent of the owner of said slave. The indictment also alleged, that the defendant had been convicted of the same offence, at the May Term, 1856, of said City Court.

Upon the trial in the City Court, defendant was convicted, and the Judge sentenced him to imprisonment for thirty days, and to pay a fine of two hundred dollars—being the punishment authorized for a second offence.

The defendant sued out a *certiorari* to the Superior Court, and alleged that he had been unlawfully convicted and sentenced, and that errors had been committed in said City Court, in this, viz:

1st. That the indictment "charged the defendant with *selling to or furnishing* liquor to a slave," which were two separate and distinct offences.

2d. That the name of the owner of the slave was not set out in the indictment.

3d. That it having been alleged in the indictment that defendant had been formerly convicted of a similar offence, it was incumbent on the State to prove this fact to the jury; which proof was not furnished, but said City Court held that such proof was not necessary to be submitted to the jury.

4th. That said City Court charged the jury, that furnishing a slave in person with liquor, was *prima facie* evidence that it was furnished for the slave's own use.

5th. That said City Court, after defendant was convicted, allowed the Attorney General to establish a copy of the indictment under which defendant was formerly convicted, in lieu of the original, and allowed said officer to prove by his own oath, the contents of said original indictment.

6th. That the said City Court, upon the question of identity, raised by defendant's counsel, upon the motion to pass sentence, allowed the Attorney General to prove, by his own oath, that defendant was the same person who had been formerly convicted of the same offence—the presiding Judge passing upon that fact and refusing to refer it to a jury, as claimed and moved for by defendant's counsel.

Upon the hearing, and after argument, the Judge of the Superior Court held, that no error had been committed by

the City Court, and dismissed the *certiorari* ; and to this decision defendant excepts.

E. J. WALKER, for plaintiff in error.

Attorney General McLAWS, for the State.

*By the Court.*—BENNING J. delivering the opinion.

The offence charged against Hines, was charged as a second offence.    The Court told the jury, " that no proof of a former conviction, was necessary."    The jury found a general verdict of " guilty."    Afterwards, the Court itself heard evidence, as to whether the offence was a second one, and on that evidence came to the conclusion, that it was, and sentenced Hines to a punishment much too great for any but a second offence.

We think, that the question, whether the offence was a second one, or not, was a question for the jury.    In every such question, identity is involved, and that, beyond a doubt, is a matter for the jury.    Nor is it meant, that all the other matters involved in the question, may not also be for the jury. It is a general principle, that whatever it is necessary to allege, it is necessary to prove.    And no authority was read to us, to show that the case of an allegation, that the offence is a second one, is an exception to the rule, and we do not know of any such authority.    The allegation is certainly one of the first importance to the accused, for if it is true, he becomes subject to a greatly increased punishment.

[1.] We think then that the charge was erroneous.

It is hardly necessary to say, that we are not to be understood as meaning, that it is not permissible for a jury to find the accused not guilty of this part of the charge, but guilty of all the other part of it.

This charge was made the third ground of the petition for the *certiorari.*

[2.] There is nothing in the first ground of the petition. The offence is stated in the language of the code. ·

The second, was abandoned.

[3.] The charge excepted to in the fourth, was, as we think, clearly right.

[4.] We see nothing in the fifth ground. The Court certainly, had the power to receive secondary evidence of a lost paper. The Attorney General was competent as a witness. We hardly think, that the State can be considered " the client" of the Attorney General, in the sense of the word, client, as used in the Act of 1850, rendering attorneys at 'law incompetent to testify in certain cases.

The disposition of the third ground, makes a disposition of the sixth.

The result is, that we think, that the Court below should have sustained the *certiorari* on the third ground, and have ordered a new trial.

Judgment reversed.