Fossdahl vs. The State.

FOSSDAHL, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 16 — February 5, 1895.*

*Criminal law and practice: Unlicensed sale of liquor: Evidence: Instructions.*

1. On a prosecution for selling liquor without a license, one distinct offense being charged, the commission of other similar offenses could not be shown, even on the cross-examination of the defendant.

2. Where the offense charged was the selling of whisky without a license, evidence as to the delivery of kegs of beer at defendant's place a short time before was not competent; but evidence of the delivery of whisky was admissible, as tending to show possession of the article alleged to have been sold.

3. Evidence of prior convictions of the accused was admissible only as affecting his credibility as a witness, and upon request the jury should have been so instructed.

Fossdahl vs. The State.

4. An instruction as to the presumption of innocence should not have been refused; but, the jury having been instructed as to their duty to convict only upon evidence establishing guilt beyond a reasonable doubt, such refusal alone would perhaps not work a reversal.

ERROR to review a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

The plaintiff in error was convicted of selling a pint of whisky to one Eddie Erdahl on the 29th day of October, 1892, without license. The plaintiff in error had a place of business in the village of Stoughton, which had previously been a saloon, but it was admitted that at the time in question he had no license to sell intoxicating liquors. Upon the trial, Eddie Erdahl testified that he bought a pint of whisky of the plaintiff in error at the time above stated. The plaintiff in error and several other witnesses, who claimed to be in his place of business at the time, denied that any liquor was sold or delivered to the witness Erdahl. One Showers, a witness for the state, testified, against objection, that he delivered kegs of beer at *Fossdahl's* place of business during the summer and in October, 1892. The plaintiff in error, on his direct examination, admitted that he had been twice convicted of violating the excise law prior to the offense here charged. Upon cross-examination he was asked whether kegs of beer and whisky were not regularly delivered at his place during the summer of 1892. The questions were properly objected to, but he was required to answer, and admitted that such were the facts. In the same immediate connection he was asked, "What else did you run besides a restaurant?" Objection to this question being overruled, he replied, "Well, I sold some beer." Instructions were asked by the accused to the effect that the evidence of previous convictions was not admissible for the purpose of proving guilt of the offense charged, but only as affecting his credibility; also, to the effect that the fact that

Fossdahl vs. The State.

kegs of beer were brought to his place of business, and that intoxicating liquors were sold there to others, during the summer and fall, does not tend to prove him guilty of the offense charged. These instructions were refused, and exceptions taken.

For the plaintiff in error there was a brief by *Erdall & Swansen*, and oral argument by *Sam. T. Swansen*. They argued, among other things, that the evidence of the delivery of kegs of beer at defendant's place of business during the summer of 1892 was inadmissible. *Boldt v. State*, 72 Wis. 7; *State v. Miller*, 47 id. 530; *King v. State*, 66 Miss. 502; *Albricht v. State*, 6 Wis. 73. The rule that when the defendant in a criminal case becomes a witness in his own behalf he thereby subjects himself to the same rules of cross-examination as other witnesses, does not extend to proving the commission of an independent offense. 1 Bish. Cr. Proc. §§ 1120–1125; 1 Greenl. Ev. §§ 458, 459; *People v. Brown*, 72 N. Y. 571; *Bailey v. State*, 67 Miss. 333; *People v. Crapo*, 76 N. Y. 288.

For the defendant in error there was a brief by the *Attorney General* and *L. K. Luse*, Assistant Attorney General, and oral argument by the *Attorney General*. As to the cross-examination of defendant, they cited *State v. Kibling*, 63 Vt. 644; Black, Intoxicating Liquors, §§ 495, 499, 505; *King v. State*, 66 Miss. 502; *Comm. v. Lincoln*, 9 Gray, 288; *State v. Coulter*, 40 Kan. 87; *State v. Elliott*, 45 id. 525; *Klepfer v. State*, 121 Ind. 491; *Comm. v. Brothers*, 158 Mass. 200; *Comm. v. Finnerty*, 148 id. 162; *Comm. v. Sullivan*, 150 id. 315; *Comm. v. Meaney*, 151 id. 55; *Comm. v. Keenan*, 148 id. 470; *People v. Hicks*, 79 Mich. 457. It was not a prejudicial error to refuse to instruct that the presumption was in favor of the innocence of the defendant. *Wooten v. State*, 24 Fla. 335; *People v. Graney*, 91 Mich. 646; *Smith v. State*, 92 Ala. 30; *Hemingway v. State*, 68 Miss. 371.

Winslow, J.   The plaintiff in error was charged with the
commission of one distinct offense, namely, the selling of a
pint of whisky upon a certain day to a certain person.   Upon
such a charge it is well settled that the evidence of the com-
mission of other offenses, even of a similar nature, is inad-
missible.   *Boldt v. State,* 72 Wis. 7, and authorities there
cited.   It is true that there are exceptions to the rule, such
as a case where the intent with which an act is committed
is in question, or where guilty knowledge must be shown,
and the like; but no such fact was in issue in the present
case.   Such evidence is irrelevant and immaterial to the
issue in the case, and has no legitimate tendency to prove
guilt of the offense with which the accused is charged.   In
the present case the state did not attempt to prove other
illegal sales in making its case, but brought out the fact from
the defendant himself upon cross-examination, and it is now
claimed that it was proper cross-examination.   This conten-
tion cannot be sustained.   Cross-examinations must be con-
fined to facts relevant and material to the case, or such as
tend to test the memory of the witness or affect his credi-
bility.   This evidence comes within neither of these classes.
*People v. Crapo,* 76 N. Y. 288; 1 Bish. Cr. Proc. §§ 1120–
1125.

We regard the evidence as to the delivery of kegs of beer
at the defendant's place of business during the summer and
fall of 1892 as incompetent for any purpose.   This could
have no possible tendency to prove him guilty of selling
whisky in October.   The evidence tending to show the de-
livery of whisky within a short time prior to the alleged
offense does not stand on the same footing.   This latter evi-
dence was admissible, as it tends to show possession of the
article which is charged to have been unlawfully sold, and
is thus a circumstance which, though not strong in probative
force, may properly be allowed to go before the jury with
other evidence tending to show the guilt of the accused.

The evidence of the prior convictions of the accused was clearly only admissible as tending to affect the credibility of the accused as a witness, and the jury should have been so instructed.   R. S. sec. 4073.

An instruction to the effect that the accused is presumed to be innocent until he is proven guilty beyond a reasonable doubt was refused.   This is a familiar rule of law.   While we might not feel it our duty to reverse the case on this ground alone, where the jury were properly instructed as to their duty to convict only upon evidence establishing guilt beyond a reasonable doubt, still we see no good reason why the instruction should not have been given as requested.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.