WATSON, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 10—May 11, 1926.*

*Criminal law: Subsequent offenders under prohibition law: Sentence.*

1. Where an information which charged a violation of sec. 165.01, Stats., by the possession and sale of intoxicating liquor alleged a former conviction, it was the duty of the court to consider sec. 359.14, relative to a previous conviction, in determining the punishment; but the fact that the former conviction was pleaded and proved, under sub. (27) (b), sec. 165.01, did not amount to a separate substantive offense or to a new count warranting sentence thereon. p. 247.
2. Under sec. 355.09, Stats., defendant could not question the sufficiency of the information to state an offense after the jury had been impaneled. p. 248.

See *Hiller v. State, post,* p. 369.

ERROR to review a judgment of the circuit court for Grant county : S. E. SMALLEY, Circuit Judge. *Reversed in part; affirmed in part.*

For the plaintiff in error there was a brief by *T. J. Webb* of Blanchardville, attorney, and *Kopp & Brunckhorst,* of Platteville, of counsel, and oral argument by *L. A. Brunckhorst.*

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *R. M. Orchard,* district attorney of Grant county, and oral argument by *Mr. Orchard* and *Mr. Messerschmidt.*

ROSENBERRY, J.   The plaintiff in error, hereinafter called the defendant, seeks a review of the judgment of the circuit

court for Grant county, whereby he was sentenced on the first count to pay a fine of $500, likewise on the second count to pay a fine of $500 and to be committed to the house of correction of Milwaukee county until the fine and costs are paid, not exceeding a period of six months.   He was further sentenced upon a third count, so called, charging a former conviction of imprisonment at hard labor in the house of correction of Milwaukee county for the term of six months.

The amended information was as follows:

"I, R. M. Orchard, district attorney for said county, hereby file an amended information and inform the court that on the 26th day of January, in the year 1925, at the city of Platteville in said county, *Asa Watson* did unlawfully have in his possession for the purposes of unlawful sale intoxicating liquor contrary to provisions of section 165.01 of the Wisconsin Statutes of 1923, against the peace and dignity of the state of Wisconsin, and the said *Asa Watson* was previously convicted of a violation of this act on the 12th day of November, 1923, and said judgment stands unreversed.

"I hereby further inform the court that on the 26th day of January, in the year 1925, at the city of Platteville in said county, *Asa Watson* did unlawfully sell intoxicating liquor contrary to the provisions of section 165.01 of the Wisconsin Statutes, against the peace and dignity of the state of Wisconsin, and the said *Asa Watson* was previously convicted of a violation of this act on the 12th day of November, 1923, and said judgment stands unreversed."

We are at a complete loss to understand upon what theory the court imposed the sentence upon the so-called third count. But two offenses are charged: (1) having in possession for purposes of unlawful sale intoxicating liquor, and (2) unlawful sale of intoxicating liquor, contrary to the provisions of sec. 165.01, Stats.   A former conviction is pleaded and proven not as constituting a separate and distinct offense, but

as augmenting the penalty provided in the statute for the first offense.

Sec. 165.01 (27) (b) : The district attorney is required to plead and prove a previous conviction.

By the provisions of sec. 359.14, Stats.,—

"When any person is convicted of any offense punishable only by imprisonment in the county jail or by fine, or both, and it is alleged in the indictment, information or complaint and proved or admitted on the trial or ascertained by the court after conviction that he had been before sentenced to imprisonment, either in any state prison, state reformatory, house of correction or county jail, by any court of this state or of any other state or of the United States, and that such sentence remains of record and unreversed, whether pardoned therefor or not, such person may be punished by imprisonment in the county jail not less than the shortest time fixed for such offense and not more than one year, or by imprisonment in the state prison not more than three years nor less than one year."

It is the duty of the trial court in determining the amount of punishment which will be inflicted to have regard for the provisions of this statute, but the fact of a former conviction being alleged in the information and proved upon the trial does not amount to a substantive offense, nor does the allegation amount to a new count. The court therefore was in error in sentencing the defendant upon a third count, so called.

The defendant was arraigned, waived the reading of the information, and pleaded not guilty. Thereupon a jury was duly impaneled, the case was opened by the district attorney, and Arch G. Ricks called as a witness in behalf of the State. After the witness was sworn and before he had given any testimony, the defendant's attorney objected to the acceptance of any evidence under the first count for the reason that it did not state any offense under the laws of the state of Wisconsin. At the close of the trial the defendant renewed

the motion to quash the information for the reason that neither of said counts set forth a cause of action under the laws of the state of Wisconsin.    The motion was denied.

By sec. 355.09, Stats., it is provided:

"Any objection to a prosecution or the sufficiency of an indictment or information that may be raised by motion to quash, demurrer, plea in abatement, or special plea in bar, shall be so raised before a jury is impaneled or testimony taken, and unless so raised, shall be deemed waived. . . ."

Upon the record the defendant is now in no position to question the sufficiency of the information, having failed to do so before the jury was impaneled.    Upon the merits, attention is called to *Hiller v. State, post,* p. 369, 208 N. W. 260. ·

*By the Court.*—Judgment on the third count is reversed and set aside, and judgment on the first and second counts is affirmed.