MEYERS, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 11—May 3, 1927.*

*Intoxicating liquors: Admission of former convictions: Necessity of proof: Cross-examination as to offenses: General repeater statute: When applicable.*

1. In a liquor prosecution in which defendant was sentenced under the general repeater statute (sec. 359.14, Stats.), proof by the state of the fact of former convictions was dispensed with where the convictions were admitted by defendant, sub. (27) (b), sec. 165.01, requiring them to be alleged and proved, not applying, as admitted facts are deemed proved within the meaning of the statute. p. 127.

2. The admission of testimony of defendant on cross-examination as to former convictions, and the state's proof thereof, is not error, though defendant admitted the former convictions and thus dispensed with the necessity of proof, where defendant testified on the merits and the evidence was limited to the question of credibility. p. 127.

3. Where defendant had been convicted once under the federal prohibition law as well as four times previously under the state prohibition law, sentence under the general repeater statute was proper, sub. (32) (a), sec. 165.01, being applicable only to prior violations of the state prohibition law. p. 128.

4. The terms "offense" and "violation," as used in sub. (32) (a), sec. 165.01, imposing a penalty for successive violations of the state prohibition law, and in the general repeater statute, relating to the penalty for repeated offenses, mean convictions of an offense. p. 128.

ERROR to review a judgment of the county court of Chippewa county: T. J. CONNOR, Judge. *Affirmed.*

Plaintiff in error, hereinafter called the defendant, was convicted of having in his possession privately manufactured distilled intoxicating liquor, also of manufacturing intoxicating liquors and of possessing a still used for the distillation of alcoholic liquor, all in violation of law. He was charged with four prior convictions of the state prohibition law and with one prior conviction of the federal prohibition

law. Defendant, before evidence was taken, in writing admitted the former convictions. Upon the trial he testified in his own behalf, and upon cross-examination, against objection, admitted the former convictions. The State also introduced proof thereof. He was sentenced under the general repeater statute, sec. 359.14. To test the validity of his conviction and sentence he sued out a writ of error.

For the plaintiff in error there was a brief by *John A. Cadigan,* attorney, and *Cadigan & Cadigan,* of counsel, all of Superior, and oral argument by *John A. Cadigan.*

For the defendant in error there was a brief by *Harold E. Stafford,* district attorney of Chippewa county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Stafford* and *Mr. Messerschmidt.*

VINJE, C. J. Defendant assigns as error proof of his former convictions after he had admitted them, relying upon the rule in *Howard v. State,* 139 Wis. 529, 121 N. W. 133. The State answers that it cannot be error to prove that which the statute requires to be alleged and proved. Sub. (27) (b), sec. 165.01, Stats., provides: "The prosecuting attorney shall plead and prove previous convictions of the accused for any violation of this act." Taken literally this requires proof, but proof of a fact is dispensed with when its existence is admitted. The law requires proof of guilt beyond a reasonable doubt to sustain a conviction in a criminal case, but a plea of guilty dispenses with all proof. So the admission of the existence of a fact dispenses with proof thereof. It is not probable that the legislature, by the use of the language "shall allege and prove," intended to establish a rule contrary to that announced in *Howard v. State,* 139 Wis. 529, 121 N. W. 133. If former convictions are alleged and admitted, then they are proved within the meaning of the statute.

But under the facts in this case there was no error in

receiving the testimony of the defendant admitting, or the record evidence proving, former convictions. He testified as to the merits, and the evidence was competent upon the question of his credibility, and the jury were expressly instructed that they could consider it for that purpose only. Besides, proof of his guilt was so strong that had the evidence been erroneously received we should have to hold in this case it was not prejudicial error.

It is claimed by the defendant that he should have been sentenced under sub. (32) (a), sec. 165.01, providing for punishing those who have been convicted of prior offenses against the state prohibition law, and not under sec. 359.14, the general repeater statute. Having been convicted under the federal act upon a different state of facts and for a different offense, his claim is negatived by the decisions in the case of *Barry v. State,* 190 Wis. 613, 209 N. W. 598, holding that sub. (32) (a), sec. 165.01, applies only to prior violations of the state prohibition law, and does not include violations of other laws.

The terms "offense" and "violation" as used in these statutes unquestionably mean convictions of an offense. See *Faull v. State,* 178 Wis. 66, 71, 189 N. W. 274. We discover no reversible error in the record.

*By the Court.*—Judgment affirmed.