PERRUGINI, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 9, 1930—March 10, 1931.*

70

*Frank S. Symmonds* of Kenosha, for the plaintiff in error.

For the defendant in error there was a brief by *John P. McEvoy*, assistant district attorney of Kenosha county, the *Attorney General*, and *J. E. Messerschmidt*, assistant attorney general, and oral argument by *Mr. McEvoy* and *Mr. Messerschmidt*.

The following opinion was filed January 13, 1931:

ROSENBERRY, C. J. In the case of *Luitze v. State*, decided herewith (*post*, p. 78, 234 N. W. 382), the defendant in that case was charged only with aiding and abetting and found guilty upon that charge. In this case the defendant was charged, as already stated, with aiding and abetting and with the commission of the offense, and was found guilty upon both counts. For the reasons stated in the *Luitze Case* the information did not charge that either offense was committed, one of the parties being then and there armed with a dangerous weapon, because it failed to charge that the revolver was loaded. The questions of law raised in this case are the same as those in *Luitze v. State* and this case is ruled by the decision in that case. The defendant in this case having been found guilty upon both counts, he should have been sentenced by the court accordingly. He was sentenced on the theory that one of his associates was armed with a dangerous weapon. For that reason the sentence must be set aside and vacated and the cause remanded in order that the defendant may be brought before the municipal court of Kenosha county and sentenced for the offense of which he was found guilty.

The defendant urges vigorously that the information in this case is defective. It is certainly not a model pleading. It is confused and involved, but under sub. (4) of sec. 355.23, Stats., it must be held sufficient after verdict. Such defects as there were, were waived by failure to make timely objection. Sec. 355.09. The defendant in this case having been found guilty upon both counts and the greater offense including the lesser, he should be sentenced upon the second count when returned to the municipal court of Kenosha county.

*By the Court.*—The judgment and sentence of the municipal court of Kenosha county is hereby vacated and set aside. The warden of the Wisconsin state prison is directed and ordered to remand the custody of the defendant Guy Perrugini to the sheriff of Kenosha county pending the further judgment and sentence of the municipal court of Kenosha county, in accordance with this opinion.

A motion for a rehearing was denied, without costs, on March 10, 1931.