Spoo, Plaintiff in error, vs. The State, Defendant in error.

*September 13—October 8, 1935.*

For the plaintiff in error there was a brief by *Gooding &
Gooding* of Fond du Lac, and oral argument by *L. E. Good-
ing.*

For the defendant in error there was a brief by the *Attor-
ney General, J. E. Messerschmidt,* assistant attorney general,
and *Robert P. Stebbins,* district attorney of Green Lake
county, and oral argument by *Mr. Stebbins* and *Mr. Messer-
schmidt.*

FOWLER, J. The defendant was charged in the language
of the statute, sec. 343.25, with obtaining $20 in money by
false pretenses. He pleaded guilty. After the plea was en-
tered, the court ascertained that he had previously been con-
victed of a felony, and under the repeater statute, sec. 359.13,
imposed a sentence of not less than one nor more than five
years. The information did not charge the prior conviction,
nor did the district attorney in writing charge the defendant
with it after the fact was ascertained. The penalty for ob-
taining less than $100 in violation of the false pretense stat-
ute is imprisonment in the state prison or county jail for not
more than one year or by a fine of $100. The defendant was
not represented by counsel.

The defendant claims that the court was without jurisdic-
tion to impose any sentence because the information does not
state any offense, and bases the contention that no offense is
stated in the information because, as he claims, in pleading
under the false pretense statute it is necessary to set out the
specific representation claimed to have been made, and to
charge that it was false, that it was relied on by the person
defrauded, and that such person was induced by the repre-

sentation to part with his money, and cites *State v. Green,*
7 Wis. * 676, and *Owens v. State,* 83 Wis. 496, 53 N. W.
736, 737, in support of his contention.

In the former case a motion was made in arrest of judg-
ment after verdict for the reason that the indictment did not
state any offense. No objection to the indictment had there-
tofore been made. The trial judge certified the case to the
supreme court for determination of the questions raised by
the motion. The general charge made in the indictment was
that the defendant falsely pretended that he was a merchant
in the city of New Orleans, and that he had money to the
amount of $250 belonging to him on deposit with a bank,
which statements were expressly negatived as false, and that
with intent to cheat and defraud the makers of the check he
unlawfully and designedly obtained from them their check
for the sum and of the value of $251.25. The court ruled
that these "bald naked statements" were "too general and
uncertain to constitute an offense" under the statute, which
was then the same as now. There is also a statement in the
opinion that without a statement that the makers were in-
duced by reliance on the representations to deliver their check
to the defendant, the indictment would not state an offense at
common law, and this would seem to imply that the court
considered that it did not state an offense under the statute.
However, this statement has been overruled in *Davis v. State,*
134 Wis. 632, 115 N. W. 150, and the opinion in the latter
case seems to imply that under sec. 355.33, Stats., a statute
enacted after the decision of the *Green Case, supra,* an in-
formation under any statute in the language of the statute is
sufficient, and no reason is perceived why this is not sound.
If such an information does not, in the language of the opin-
ion in *Finsky v. State,* 176 Wis. 481, 485, 187 N. W. 201,
referred to later herein, so "individuate" the offense as to
afford proper notice to the defendant of just what he is
charged with, a motion to make it more definite and certain

would seem sufficient to secure to the defendant adequate notice in any desired respect, and to afford him adequate relief. The principal point of the *Green Case* seems to be that the evidence shows that the defendant sold the makers of the check a draft, for the amount stated, and that the draft, not the statements, was the "decisive inducement," the real false pretense, that caused them to part with their property and constituted the substantive part of the offense, and "should have been set forth in the indictment." The opinion closes with the statement that the defendant ought not to have been convicted and the conviction was set aside and the defendant discharged.

In the *Owens Case, supra,* the defendant was charged with specific representations and that thereby he obtained from one Newman $400 of the property of a specified bank. The information was held "fatally defective" for not stating that Newman was the agent of the bank. The defendant had been convicted by a jury, sentence had been imposed, and the defendant imprisoned pursuant to the sentence, and this court directed that he be taken before the trial court to be discharged.

As above stated, sec. 355.33, Stats., did not exist when the *Green Case* was decided, and the *Owens Case* was decided without any mention of that statute, and presumably without any consideration of it. The defendant points out that it is stated in *Finsky v. State, supra,* wherein that statute was involved, that while it is sufficient to charge unlawful possession of intoxicating liquor in the language of the statute, it is not sufficient to charge the offense of obtaining money or goods by false pretenses, because the general statutory statement does not so "individuate the offense that the offender has proper notice . . . [of] what the offense he is to be held for really is," and that the same is true in charging libel and using language tending to provoke an assault, basing the statement on the prior decisions of this court above cited and

*Steuer v. State,* 59 Wis. 472, 18 N. W. 433, a case under the statute creating the offense of using language of the nature above stated.

The state contends that these rulings are out of line with later decisions of this court and ought not for that reason to be followed. The *Owens Case, supra,* was decided in 1892, and that is some time back, but the ruling of it was inferentially at least approved in the *Finsky Case* in 1922, and that approval is quite within the period during which the court has, as counsel claims, abrogated many ancient technicalities of practice that formerly served to enable the guilty to avoid punishment for their offenses. To the writer, the discharge in both the *Green* and *Owens Cases* seems absurd. In both, the proofs showed the defendant to have been clearly guilty under the statute for violation of which he was tried. In the one case by falsely representing that he had funds on deposit to cover a draft which he gave to the drawer of a check he had procured a check and cashed it. No objection was made until after the verdict and a finding of guilty. In this situation the information would today be amended to conform to the proofs and sentence imposed according to the practice obtaining in civil cases. In the *Owens Case* the situation was the same as in the *Green Case.* The proof showed that Newman was the cashier and agent of the bank, and today the course above indicated would be taken. *Carver v. State,* 190 Wis. 234, 208 N. W. 874; *Watson v. State,* 190 Wis. 245, 208 N. W. 897; *Perrugini v. State,* 204 Wis. 69, 234 N. W. 384. Doubtless the discharge in these cases was based upon the theory that the defendant had been put in jeopardy and could not again be tried for the offense. But we now have a statute, sec. 355.09, considered in the cases last cited, which does away with the nonsensical practice followed in the *Green* and *Owens Cases,* by providing that objection to the sufficiency of an information is waived unless taken before "a jury is impaneled or testimony taken." The court may,

under the statute, upon the motion of the defendant, relieve him from such waiver, but in such case the defendant's motion operates as a waiver of jeopardy and subjects him to trial. While this statute does not say that by pleading guilty to an information a defendant waives objection to its sufficiency, the same reason applies for holding that his such plea constitutes a waiver of the objection that exists in the situation expressly covered by the statute. The court, as well as the legislature, at least when there is no conflicting legislation, has equal power with the legislature to improve practice and procedure, and should not hesitate to do so in the interest of justice and law enforcement. In conformity with the principle of the statute cited, we hold that a plea of guilty to an information constitutes a waiver of subsequent objection to its sufficiency unless the trial court for sufficient reason relieves him therefrom. Sec. 269.46, Stats., doubtless affords authority for application for such relief in the instant case in view of the fact that the defendant had no counsel, if in fact his acts were not such as to constitute a violation of any criminal statute and he was under the mistaken notion that they were.

As to the defendant's contention that the information does not state any offense, we are of opinion that where an information is in the language of the statute it necessarily states an offense. It is subject to demurrer or motion to quash or other form of objection for insufficiency seasonably made, but in such case the court has power to permit or require an amended information to be presented and go on with the case if the original information is held to be insufficient and subject to cure by amendment. The court has jurisdiction of the case before it, and we perceive no reason why it may not proceed as it would proceed in a civil action in case of a demurrer to a complaint. In saying that an information in the language of the statute states an offense, we are mindful that some of its statements may be conclusions of law rather than statements of fact. But if in a civil action a complaint con-

tains conclusions of law and the defendant by answer admits them to be correct, he may not attack the judgment merely because of the insufficiency of the complaint. If a complaint in a civil action should allege that the defendant by false and fraudulent representations worked a fraud upon the plaintiff, without stating what the representations were, and the defendant should by answer admit the truth of the statement, he would after judgment be held to his admission. By failure to object on the ground that allegations are conclusions of law the defendant waives the objection. See 49 C. J. p. 842, and cases cited in note 90. As in civil actions so in criminal, on principle.

As tending toward support of the view that the information is sufficient to state the offense of obtaining money under the false pretense statute, it may be stated that sec. 348.403 provides that in stating the offense of obtaining money by a "confidence game" defined by sec. 348.402, it is sufficient to charge that the person paying the money "was defrauded of his money by use of the confidence game." There is as much "individuation" of the offense in the instant case, to use the term employed in the *Finsky Case, supra,* as in the offense under sec. 348.402 in the form of the information authorized by sec. 348.403. The court may as rightly say that the one information under the one statute is sufficient as the legislature may say that the other information is under the other statute.

The defendant contends that where an information is insufficient to charge an offense, and a plea of guilty is entered by the defendant, the court is without jurisdiction to proceed to sentence under the rule of *In re Carlson,* 176 Wis. 538, 186 N. W. 722. As we hold the information sufficient there is no need to consider this contention and we do not pass upon it.

The defendant also contends that because the penalty prescribed by the statute does not permit of a penalty in excess of one year in state prison, and the information did not charge

a prior conviction, it was error to impose a one to five-year sentence under the repeater statute. Sec. 359.13 provides for the sentence imposed if the prior conviction had been alleged in the information, was proved or admitted on the trial, or ascertained by the court after conviction. Sec. 359.15 provides that if the prior conviction is not alleged in the information, the court may, after a plea of guilty and before sentence, ascertain whether there has been a previous conviction, and that after investigation the district attorney may in writing charge the conviction, and if the defendant denies the charge the court shall try the issue and impanel a jury therefor if it is demanded. Here the defendant, after his plea and before sentence, admitted the prior conviction and there was no need to try such an issue. The district attorney might have preferred a charge of prior conviction, as the statute provides, and it would have been better practice to do so, so that the judgment record would show on its face authority for the sentence in excess of the penalty prescribed under the false pretense statute. However, the parties have stipulated that the proceedings before the court at the time sentence was imposed be made a part of the record, and the record so stipulated shows that the defendant admitted a prior conviction and supports the excess penalty imposed. The defendant was not prejudiced because the district attorney did not charge the prior conviction in writing. The statute provides that he may so charge. It does not require him to do so, when no useful purpose would be served by so doing.

The case of *Belter v. State,* 178 Wis. 57, 66, 189 N. W. 270, is cited to the point that the court was without jurisdiction to impose the excess punishment for want of charging the conviction as the statute provides may be done. But that case is to the proposition that without such charge the record in that case showed no basis for such imposition because of "an entire absence in the record of any legal authority" for the court's sending to prison a defendant who was charged

with an offense not permitting any prison sentence. Here the record, as made pursuant to stipulation of the parties, shows authority both for the prison sentence and for the sentence in excess of that prescribed for the offense for which the defendant was tried.

*By the Court.*—The judgment of the circuit court is affirmed.