State, Respondent, vs. Miller, Appellant.

*November 6—December 2, 1941.*

For the appellant there were briefs by *Bogue, Sanderson & Kammholz* of Portage, and oral argument by *Theo. Kammholz* and *T. H. Sanderson*.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz*.

FRITZ, J.   The defendant and appellant, Claude Miller, appeals only from those parts of the judgment by which he was sentenced separately on the third, fourth, and fifth counts, so-called.   Each of these counts alleged a prior conviction of Miller because of which he was amenable to the provisions of sec. 359.14, Stats., sometimes referred to as the "repeater" statute.   He contends that no new, or separate, or distinct offense of any kind was charged against him in the third, fourth, or fifth counts; that there is no attempt in sec. 359.14, Stats., to impose further punishment for the commission of a crime for which a defendant had been previously sentenced; and that consequently the court was without right or authority to impose any sentence separately upon the third, fourth, or fifth counts of the information.   These contentions must be sustained.

The court was clearly in error in imposing sentence on the third, fourth, and fifth counts as though they charged and as though there were convictions under them of separate substantive offenses other than the offenses charged in the first

and second counts. As this court said in *Watson v. State,* 190 Wis. 245, 247, 208 N. W. 897,—

"It is the duty of the trial court in determining the amount of punishment which will be inflicted to have regard for the provisions of this statute [sec. 359.14], but the fact of a former conviction being alleged in the information and proved upon the trial *does not amount to a substantive offense, nor does the allegation amount to a new count.*"

Likewise, there are applicable the conclusions stated in *Mundon v. State,* 196 Wis. 469, 471, 220 N. W. 650,—

"It is clear that in sentencing the defendant the court sentenced him for three offenses and gave him three distinct sentences. This matter was treated at considerable length in *Watson v. State,* 190 Wis. 245, 208 N. W. 897, and it is there held that the sole office of sec. 359.14, Stats., is to increase the penalty for the offense of which the defendant is convicted, and *the fact that he is guilty of a second offense does not make him guilty under sec. 359.14 of a separate offense* for which he may be sentenced."

Because of the manner in which the trial court, after imposing separate jail sentences upon the first and second counts, then specifically imposed separate and distinct sentences upon each of the other counts, its error in the latter respects cannot be considered but an error in form, as is now contended by the state. None of the federal court cases cited in support of that contention was in relation to sentences imposed on so-called "repeater" counts under any such statute as sec. 359.14, Stats.

*By the Court.*—The provisions of the judgment sentencing the defendant on the third, fourth, and fifth counts of the information are hereby reversed, and the commitment thereon is vacated and set aside.