STATE, Respondent, vs. MEYER, Appellant.

*December 7, 1950—February 6, 1951.*

328

330

For the appellant there was a brief by *Leicht & Curran* of Medford, and oral argument by *Clifford L. Curran.*

For the respondent there was a brief by the *Attorney General, William A. Platz,* and *Roy G. Tulane,* assistant attorneys general, and *Lewis J. Charles,* district attorney of

Taylor county, and oral argument by *Mr. Tulane* and *Mr. Platz.*

FAIRCHILD, J.   As appears from the foregoing statement of facts, the defendant has been found guilty under an information in which he is accused of certain violations of the game laws and in addition for the purpose of fixing a penalty alleges "That the said Victor Meyer was, on the 16th day of May, 1931, convicted in the circuit court for Lincoln county, Wisconsin, of the offense of the crime of robbery by means of firearms, the said Victor Meyer having entered a plea of guilty to said charge; that upon said plea of guilty, and the adjudication of guilt thereon, the said Victor Meyer was duly sentenced to the Wisconsin state reformatory at Green Bay, Wisconsin, for the general or indeterminate term of not less than three years nor more than ten years, the term of imprisonment to commence at twelve o'clock noon of the 16th day of May, 1931."

On this appeal the defendant directs our attention to certain claimed errors and urges that at least he should be granted a new trial. We do not deem it necessary to recite the testimony further than it is set out in the statement of facts. The evidence reviewed shows conclusively that the defendant did commit the acts charged, and also that he was the one who was previously convicted and sentenced to the reformatory. We find nothing that would warrant a conclusion that the jury were misled as to any issue, or that anything which occurred can be held to be prejudicial error.

There is in the instructions to the jury a misstatement. The court in effect said that the defendant stated that he had been hired by both Tilch and Hendrickson to trap for them. The state concedes that that instruction contains a misstatement, because Meyer claimed that he had not been hired by Tilch, although the evidence is that he did receive his tags. There was testimony to the effect that when Tilch turned in twelve hides which were ostensibly Tilch's, it was found that

eleven bore Tilch's tags and one bore a tag issued in the name of Anna Meyer, wife of the defendant, Victor Meyer. At the time of the ruling admitting the record of a prior conviction, the declaration by the district attorney of his purpose to file an information, which becomes important in a discussion of the relation of the repeater statute to this case, the following colloquy occurred. The court said: "Do you want to waive the reading and filing of the information?" That question was answered by the defendant's attorney saying "Yes." It was then announced by Mr. Charles, the district attorney, that he was filing the information. Thereafter the trial began, and opening statements were made, the defendant not having admitted the truth of any of the allegations.

All questions pertaining to the guilt of the defendant were thoroughly presented to the jury, and the facts and circumstances disclosed by the entire record do not bring any special significance to the use of the words "these men" which were used with relation to the hiring of the defendant instead of the words "this man." There were other criticisms of the instructions, but the evidence being as certain as the jury found it to be leaves no room for holding that the defendant was not fairly tried and properly found guilty. The evidence too clearly shows that the defendant had transgressed the provisions of the game law as set out in the information to hold otherwise than that it would be far from prejudicial error to make a slight mistake in saying whether he had claimed to be hired by one man or two. And if there was any overbalancing of the scales it was in defendant's favor. Consideration has been given to the question which arose upon the argument as to the manner of the proceedings upon the trial and the use made of sec. 359.14 (Stats. 1947).

The overruling of the defendant's contention that he was not liable to punishment under the repeater statute, although he had theretofore been convicted of robbery being armed, is

considered to be the correct ruling under the circumstances here present, and it is considered that the evidence of such conviction was properly admitted. Shortly after the trial began, and before the defendant had taken the stand, the following occurred:

"Mr. Charles:   I have here, Your Honor, a certified copy of a sentence from the circuit court for Lincoln county, showing the sentencing of the defendant on the 16th of May, 1931, to a term of imprisonment—

"By the Court:   Term of imprisonment? Where?

"Mr. Charles:   At the Wisconsin state reformatory at Green Bay, Wisconsin.

"Mr. Curran:   I object to that, Your Honor, before the jury, that is not proper jury evidence, it should be presented to the court if it all.

"By the Court:   Objection is overruled. Why is it?

"Mr. Curran:   Prejudicial, Your Honor.

"By the Court:   Of course it is prejudicial.

"Mr. Curran:   It doesn't come into the jury's part of the case at all?

"By the Court:   Yes, that is part. Sometimes the defendant admits these things and then we don't introduce them, but if the defendant doesn't, then of course it has to be proved.

"Mr. Curran:   He hasn't been asked?

"By the Court:   He hasn't offered.

"Mr. Curran:   He hasn't had a chance?"

The record does not show any offer to admit the conviction. The proceedings continued:

"Mr. Charles:   I will offer this sentence—certified copy with the certificate to the effect that such conviction remains of record and unreversed, in which the defendant Victor Meyer was sentenced to a term of imprisonment in the Wisconsin state reformatory at Green Bay, Wisconsin, for not less than three nor more than ten years.

"Mr. Curran:  May we have the date of that?

"Mr. Charles:   16th of May, 1931. It has been marked by the reporter as plaintiff's Exhibit No. 1, and I offer Exhibit No. 1 in evidence.

"Mr. Curran: I will object to Exhibit No. 1 on the grounds that it is not within the indictment in this case.

"By the Court: It is set out in the information, isn't it?

"Mr. Curran: Pardon?

"By the Court: Isn't it alleged in the information?

"Mr. Curran: Yes.

"By the Court: Well, then it is in there; objection is overruled and it will be admitted."

His previous conviction, although an offense other than that covered by the game law, was subject to proof under the provisions of the general repeater statute, sec. 359.14, Stats. 1947. The sections referred to are:

"359.14 When any person is convicted of any offense punishable only by imprisonment in the county jail or by fine, or both, and it is alleged in the indictment, information, or complaint and proved or admitted on the trial . . . that he had been before sentenced to imprisonment, either in any state prison, state reformatory, house of correction, or county jail, by any court of this state or of any other state or of the United States, and that such sentence remains of record and unreversed, whether pardoned therefor or not, such person may be punished by imprisonment in the county jail not less than the shortest time fixed for such offense and not more than one year, or by imprisonment in the state prison not more than three years nor less than one year."

"29.635 (1) When any person is convicted of any violation of this chapter or any conservation commission order, and it is alleged in the indictment, information, or complaint, (and proved or admitted on trial). . . that he had been before convicted for a violation of this chapter or of a conservation commission order, by any court of this state such person shall be fined not less than $50 nor more than $100, or imprisoned not less than ten days nor more than six months or both. In addition thereto, all licenses issued to such person pursuant to this chapter shall be revoked and no license shall be issued to him for a period of one year thereafter."

There is also a statute providing for the alleging and proving of a prior conviction referred to in the case of *Green*

*Bay Fish Co. v. State* (1925), 186 Wis. 330, 202 N. W. 667, from the decision in which case we quote later the language of Mr. Justice OWEN.

The defendant's conviction of a prior offense being other than one penalized under sec. 29.13, Stats., placed him in a position where the punishment to be meted out was in the discretion of the court to be measured under sec. 359.14. The rule that prevails is stated in the case of *Barry v. State* (1926), 190 Wis. 613, 209 N. W. 598, and *Meyers v. State* (1927), 193 Wis. 126, 213 N. W. 645, and is that where a defendant has been convicted of a prior offense and is guilty of a transgression in a particular classification, such as obtains here, and the penalty for which is prescribed in sec. 29.13, he may be sentenced under sec. 359.14, or that statute. It is said in that case (*Barry Case,* p. 618) : ". . . otherwise he would thereafter be immune from the punishment prescribed by sec. 359.14. Under such circumstances the court having jurisdiction may elect under which statute the defendant shall be sentenced. The discretion conferred upon the trial judge in cases of this character is no greater than that conferred by the law upon district attorneys. See *Application of Bentine,* 181 Wis. 579, 196 N. W. 213."

In considering the imposition of the penalty, discussion of the proper procedure under the statute has arisen. The statute (sec. 359.14) provides that if "it is alleged in the indictment, information, or complaint and proved or admitted on the trial or ascertained by the court after conviction that he had been before sentenced to imprisonment" then the extent of the punishment is in the discretion of the trial court to be found under that statute. The point with which we are here concerned is the meaning of the directing words "alleged in the . . . information . . . and proved or admitted on the trial." The general authority with relation to the alleging and proving of prior convictions authorizing an increased punishment is generally recognized as constitutional, and the

state may, in addition to a conviction for the crime instantly charged, seek to have an increased punishment inflicted because of former convictions. The state must carry the burden to make good the charge in the essential particulars. "Where an enhanced punishment for a particular offense is sought because of a prior conviction, the present defendant must be the same person previously convicted. Consequently, it is necessary to prove the identity of the accused. The burden of proving the identity of the accused with the person formerly convicted is on the state." 25 Am. Jur., Habitual Criminals, p. 277, sec. 30. In sec. 7, p. 264, of the same volume, authority is cited to the effect that "the fact of prior convictions constitutes a reasonable basis of classification in the punishment of criminals. Statutes imposing a more severe punishment for a second or subsequent offense have invariably been held not to violate the constitutional prohibition against the denial of equal protection of the laws. Likewise, the courts have frequently declared that the statutes do not involve an unjust discrimination, and a construction to that effect will not be adopted."

In 24 C. J. S., under title, Criminal Law, at p. 1156, sec. 1962, there is cited authority for the proposition that "the prosecution of an accused as a subsequent offender is for the purpose of affecting the punishment in the event of conviction, and ordinarily the former convictions must be proved and the identity of the accused as the person convicted must be established."

The constitutionality of that statute has never been seriously questioned in this state. The practice has grown up in this state which was followed by the trial court, as appears from the proceedings set out above. The interpretation of this statute as found in practice and decisions gives us the rule. It is urged that the practice has not been challenged. But the practice has frequently been met with, considered, and approved. If the defendant does not admit the prior

conviction, and it is alleged in the information, the interpretation of this statute, as found in the decisions of our court and authorities generally, warrant the production of the evidence showing the conviction and the identity of the individual who was convicted, even though it involves mentioning it in the presence of the jury. There are several decisions of our court which have been followed by the trial courts and which are consistent with the ruling of Judge RISJORD in this case.

In the case of *Howard v. State* (1909), 139 Wis. 529, 533, 121 N. W. 133, it was held that where the defendant admitted the truth of the allegations concerning the previous conviction, it is error to admit evidence thereof and to permit comment thereon to the jury. It is there said by Mr. Justice SIEBECKER in the opinion of the court, pointing out the difference between our statute and the statute of the state of New York, that the statute of the state of Wisconsin "provides that the accused may admit this allegation on the trial. This provision carries with it, necessarily, the implication that under legal procedure no proof on the subject is necessary or need be required. This provision also suggests that the legislature intended to give the accused an opportunity to avail himself of the right afforded by the law which, except in certain cases, excludes evidence of other offenses from being submitted to the jury as proof of the guilt of the accused of the specific offense for which he is on trial. It is beyond controversy that proof of former sentences of the accused must necessarily prejudice the minds of the jurors against his interest when trying him for the offense with which he is charged. It is therefore a reasonable inference from the legislative regulation giving the accused the privilege of admitting such former sentences on the trial that it was intended that evidence thereof should not be received after such admission, and that there was no issue respecting such allegations for submission to the jury. Though this

practice and procedure is not formally inserted in the statute, it follows by necessary implication in order to secure to the accused the rights manifestly contemplated by it."

In so considering the matter, Mr. Justice SIEBECKER said (p. 534): "We are of opinion that no evidence shall be received nor comment to the jury be permitted in cases wherein former convictions and sentences, as embraced in secs. 4736–4738, Stats. (1898), are alleged when the accused admits the truth thereof on the trial."

The procedure followed by the learned trial judge is also supported by the case of *Meyers v. State* (1927), 193 Wis. 126, 127, 213 N. W. 645, where Mr. Chief Justice VINJE, in discussing the terms of a repeater statute, said: " 'The prosecuting attorney shall plead and prove previous convictions of the accused for any violation of this act.' [Sec. 165.01 (27) (b), Stats. 1927.] Taken literally this requires proof, but proof of a fact is dispensed with when its existence is admitted. The law requires proof of guilt beyond a reasonable doubt to sustain a conviction in a criminal case, but a plea of guilty dispenses with all proof. So the admission of the existence of a fact dispenses with proof thereof. It is not probable that the legislature, by the use of the language 'shall allege and prove,' intended to establish a rule contrary to that announced in *Howard v. State,* 139 Wis. 529, 121 N. W. 133. If former convictions are alleged and admitted, then they are proved within the meaning of the statute.

"But under the facts in this case there was no error in receiving the testimony of the defendant admitting, or the record evidence proving, former convictions. He testified as to the merits, and the evidence was competent upon the question of his credibility, and the jury were expressly instructed that they could consider it for that purpose only." See also *Watson v. State* (1926), 190 Wis. 245, 208 N. W. 897.

On the point of constitutionality of the repeater statute, as interpreted in the decision by Mr. Justice SIEBECKER and

followed by Judge RISJORD, we call attention to the case of *State v. Miller* (1941), 239 Wis. 334, 336, 1 N. W. (2d) 178, where it was held that the alleging of prior convictions under the provisions of sec. 359.14, Stats., did not constitute separate or distinct offenses, and it was there contended that the court could not impose any sentence separately upon those allegations. And Mr. Justice FRITZ, in writing the opinion for the court, said: "As this court said in *Watson v. State,* 190 Wis. 245, 247, 208 N. W. 897,—'It is the duty of the trial court in determining the amount of punishment which will be inflicted to have regard for the provisions of this statute [sec. 359.14], but the fact of a former conviction being alleged in the information and proved upon the trial does not amount to a substantive offense, nor does the allegation amount to a new count.' " In connection with that case it may be well to call attention to the case of *Spoo v. State* (1935), 219 Wis. 285, 292, 262 N. W. 696, where Mr. Justice FOWLER, in treating with a repeater section said: "Sec. 359.13 provides for the sentence imposed if the prior conviction had been alleged in the information, was proved or admitted on the trial, or ascertained by the court after conviction. Sec. 359.15 provides that if the prior conviction is not alleged in the information, the court may, after a plea of guilty and before sentence, ascertain whether there has been a previous conviction, and that after investigation the district attorney may in writing charge the conviction, and if the defendant denies the charge the court shall try the issue and impanel a jury therefor if it is demanded. Here the defendant, after his plea and before sentence, admitted the prior conviction and there was no need to try such an issue. The district attorney might have preferred a charge of prior conviction, as the statute provides, and it would have been better practice to do so, so that the judgment record would show on its face authority for the sentence in excess of the penalty prescribed."

Different states adhere to the practice and so provide by legislative enactment. In *State v. Findling* (1913), 123 Minn. 413, 144 N. W. 142, Headnote 2, it is stated: "In the absence of some statute regulating the procedure, to authorize the court to impose the increased punishment, the fact of the prior conviction must be set forth in the indictment, established by proper evidence, and passed upon by the jury."

And we find in the case of *Dick v. United States* (8th Cir. 1930), 40 Fed. (2d) 609, as appears in 70 A. L. R. 90, 92, the following: "In view of the fact that the government is required to plead the facts essential to a finding that the defendant is a second offender, the government must prove these facts the same as other allegations contained in the indictment."

Where there has been no admission of the previous conviction, proof thereof is submitted to the jury, and the question is to be determined by the jury under proper instructions given by the court.

In the case of *Ingalls v. State* (1880), 48 Wis. 647, 658, 4 N. W. 785, it was distinctly held that statutes imposing a greater penalty for a second or third offense of the same character than that imposed for the first offense do not violate the constitutional provision which forbids putting one twice in jeopardy for the same offense. Mr. Justice TAYLOR there said: "The increased severity of the punishment for the subsequent offense is not a punishment of the person for the first offense a second time, but a severer punishment for the second offense, because the commission of the second offense is evidence of the incorrigible and dangerous character of the accused, which calls for and demands a severer punishment than should be inflicted upon the person guilty of a first crime."

With regard to the doctrine of repeated crimes, a conviction may tarnish a reputation and still leave to society a citizen

of good character. This line of thought with respect to the effect of previous convictions and the relation of the offender to the good order of the state may be found in such legislation as has brought into service the factors of parole and probation. But it also recognizes as a fact that organized crime exists, that individuals, because of maladjustment, evil companionship, or other causes, associate themselves in efforts to prey upon others. It is also known that outside of the gang groups there is the individual who by himself may follow a life of crime, because he will not control impulses or, because of disease or his lack of normal functional capacity, he cannot refrain from antisocial acts of considerable enormity. There are authorities of recognized judgment who find the repeater more frequently among individuals who practice shoplifting or are guilty of rape, incest, forgery, pocket picking.

The authorities in this state have recognized a procedure, and authorities in practically all the states agree with the interpretation of this statute which has been consistently followed by our courts.

We have referred to *Ingalls v. State, supra,* and we now call attention to the case of *Paetz v. State* (1906), 129 Wis. 174, 177, 107 N. W. 1090, where Mr. Justice KERWIN said: "The plaintiff in error was found guilty and sentenced to punishment as for a second offense. The complaint was clearly insufficient to warrant proof of conviction of a second offense. As has been seen, a conviction for a second offense subjected the plaintiff in error to a more severe punishment than conviction for a first offense. It is contended on the part of the state that the proof of former conviction did not go to the question of guilt or innocence of the plaintiff in error, but only to the severity of the punishment; hence that there was no necessity for any allegation of former conviction in the complaint. But the accused was entitled to be informed of the nature of the charge against him, and, since a greater

punishment is imposed upon a second conviction, prior conviction was an essential element of the offense in a prosecution for a second offense. The complaint, therefore, was insufficient to admit proof of former conviction. This doctrine appears to be so well established that we deem discussion of it wholly unnecessary. The following are some of the many authorities in support of the doctrine that, where the statute provides a heavier penalty for the second offense, the first must be alleged in the indictment and *proved upon the trial* in order to warrant conviction and punishment for a second offense: Wharton, Crim. Pl. & Pr. (9th ed.), sec. 934; 1 Bishop, New Crim. Proc. secs. 77, 101; Bishop, Stat. Crimes (3d ed.), sec. 981; Clark, Crim. Proc. sec. 84; 12 Cyc. 950; Hochheimer, Crim. Law (2d ed.), sec. 104; *Johnson v. People,* 55 N. Y. 512; *People v. Sickles,* 156 N. Y. 541, 51 N. E. 288; *Hines v. State,* 26 Ga. 614; *Evans v. State,* 150 Ind. 651, 50 N. E. 820; *Comm. v. Harrington,* 130 Mass. 35; *Fossdahl v. State,* 89 Wis. 482, 62 N. W. 185."

In *Green Bay Fish Co. v. State* (1925), 186 Wis. 330, 337, 202 N. W. 667, where the court ruled that the imposition of sentence under this statute on the basis of a prior conviction which was charged in the information but not proved was improper, it was so held because the accused was entitled to a jury trial upon the question, he not having admitted it. And Mr. Justice OWEN in the opinion for the court said: "Furthermore, the accused is entitled to a jury trial upon this question. This plain constitutional right is recognized by sec. 4738*a*, Stats. Even if the trial court could take judicial notice of the prior conviction, neither the jury nor this court could do so, and, when examined here, the record must support the judgment."

*By the Court.*—Judgment affirmed.

GEHL, J. (*dissenting*). The majority considers the question whether proof of a prior conviction may be made in the

presence of the jury trying an accused upon the charge of a specific offense as though it had been previously settled by this court, and refers to a number of cases as though they might be considered as authority for its conclusion. The precise question now before us was not before the court in any of these cases.

In the *Green Bay Fish Co. Case* only the question of whether sufficient proof of a prior conviction had been presented. The court states that proof of that fact must be made and that a defendant is entitled to a jury trial upon the issue. It does not say, however, that it must be determined by the same jury which tries him upon the immediate offense or at the time of his trial upon the charge of that offense; more will be said with respect to that phase of the problem later in this dissent.

Nothing was determined in the *Howard Case* except that where a defendant admits his conviction of a prior offense it is error to receive evidence thereof in the presence of the jury trying him upon a charge of the second or specific offense. Incidentally, the court, by its language and its conclusion, recognizes that such proof is "highly prejudicial" to the rights of the defendant.

In the *Meyers Case* it was held that under the circumstances there shown it was not error to permit the state to cross-examine the defendant as to former convictions after he had admitted them. It should be observed that the court pointed out in that case that in any event the evidence of prior conviction was competent upon the question of defendant's credibility. No other issue was raised or determined.

In the *Watson Case* the court had for consideration only a matter of pleading and the question whether in the application of the "repeater" statute a charge in the information of previous conviction is the statement of a substantive offense.

The criticism of the court in the *Miller Case* went only to the point that the trial judge in invoking the "repeater" statute treated the prior conviction as though it were a separate offense and sentenced the defendant as though he had been convicted of a separate offense. No other question of practice or procedure was involved upon the appeal.

Nothing can be read out of the *Spoo Case* with respect to the "repeater" statute except that it was determined that failure to charge a previous conviction in the information does not defeat the right of the court to invoke the statute when at the trial the defendant has admitted the conviction.

In the *Ingalls Case* there was nothing for consideration except the question of the validity of a repeater statute.

In the *Paetz Case* it was held that an accused is entitled to be informed of the nature of the charge against him, and that because of failure to plead a former conviction it was error to permit proof thereof. The case is authority for nothing else.

None of these cases deals with the precise question which we have here for consideration, nor have I been able to find one in which this court has been required to determine it.

There can be no quarrel with the conclusion of the majority that to permit the court to impose an additional sentence upon a previous offender, in the absence of his failure or refusal to admit his earlier offense, there must be proof thereof. I disagree, however, with its determination of the manner in which proof may be made.

I am of the opinion that the court erred in permitting the state to show in its presentation of the case and in the presence of the jury, the fact of defendant's conviction of an offense in 1931. Manifestly, it was not nor could it have been offered for the purpose of impeachment; defendant had not yet taken the stand. At that stage of the trial it had no place in the case except as it might have been received

for the purpose of imposing sentence under the "repeater" statute.

The purpose of permitting such proof is disclosed in the provisions of sec. 359.14, Stats.

(1) It appears in the chapter entitled "Judgments in Criminal Cases and Execution," with neither of which the jury has anything to do;

(2) The section itself is entitled "*Sentence* of persons previously convicted," again indicating that it was intended to deal with a subject with which a jury is not to be concerned;

(3) It does not create a new substantive offense and does not contemplate that it be considered by the jury as an element of the offense charged and required to be proved.

The provisions of this statute are incorporated as a part of the law of judgments in criminal cases and the execution thereof.

"This indicates that the legislature did not regard it as part of the criminal code which defines offenses, but treated it as a part of the criminal law regulating the sentence and judgment in cases where persons are guilty of successive state prison offenses." *Howard v. State* (1909), 139 Wis. 529, 532, 121 N. W. 133.

The court should hesitate to abandon the rule granting to an accused the fundamental right to be tried only upon evidence which bears upon the specific offense charged against him—an ancient right firmly imbedded in our jurisprudence—and one as valuable to the body of society as it is to the individual on trial. Important to society, because if we permit it here, where it may seem on account of the apparent guilt of the defendant that he has not been prejudiced, it is at least possible that it may be permitted in the case of an innocent person accused of a violation.

"From the time when advancing civilization began to recognize that the purpose and end of a criminal trial is as much to discharge the innocent accused as to punish the

guilty, it has been held that evidence against him should be confined to the very offense charged, and that neither general bad character nor commission of other specific disconnected acts, whether criminal or merely meretricious, could be proved against him. This was predicated on the fundamental principle of justice that the bad man no more than the good ought to be convicted of a crime not committed by him." *Paulson v. State* (1903), 118 Wis. 89, 98, 94 N. W. 771.

Nor should we assume that the legislature in adopting the provisions of the "repeater" statute intended to abandon the safeguard. It stated its purpose in language and form to permit proof of a prior conviction solely for the purpose of empowering the judge to deal differently with a first offender than he might with one of incorrigible and dangerous character. The habitual criminal is, under our system, entitled to the same fair trial as is the first offender.

The majority does not, it cannot, doubt that proof in the presence of the jury of such extraneous matters as the habits, the tendencies, and the previous record of an accused operates to his prejudice. That is known to us as a matter of every-day experience. No one would have the hardihood to suggest otherwise.

"It is beyond controversy that proof of former sentence of the accused must necessarily prejudice the minds of the jurors against his interest when trying him for the offense with which he is charged." *Howard v. State, supra* (p. 533).

Referring to former cases this court has said:

"They are cited more especially to show how uniformly courts have held that one cannot be deemed to have had fairly tried before a jury the question of his guilt of the offense charged when their minds have been prejudiced by proof of bad character of accused or former misconduct, and thus diverted and perverted from a deliberate and impartial consideration of the question whether the real evidentiary facts fasten guilt upon him beyond reasonable doubt. In a doubtful case even the trained judicial mind can hardly exclude the

fact of previous bad character or criminal tendency, and prevent its having effect to swerve such mind toward accepting conclusion of guilt. Much less can it be expected that jurors can escape such effect." *Paulson v. State, supra* (p. 99).

Certainly society is entitled to protection against the chronic offender and to treatment of his case upon a basis different from that which is accorded one charged with a first violation. That distinction calls for the process which is provided by the "repeater" statute—a process, the need for which has long been recognized and for quite some years has been available to the courts. But the right of society to such protection is of no greater moment than is the right of its members to a fair trial upon evidence which bears upon the offense with which they may be charged. Even those who insist that proof of a prior conviction may be offered in the presence of the jury recognize that such proof must necessarily influence the minds of the jury in its determination of the guilt or innocence of an accused of the charge for which he is being tried. The right to trial by an unprejudiced jury is just as important to an accused, and to society itself, as is the right of the body of the people to the removal of one who because of his habits has become a menace to society.

Not much would be left of the burden to prove guilt if we were to permit a jury upon the trial of one charged with a specific offense to be influenced by such extraneous matters as his habits, his record, and his tendencies. The innocent person subjected to trial should not be required to overcome the prejudice which follows inevitably from proof of an offense committed earlier. The possible injustice of such procedure is demonstrated quite clearly in this case where the prior conviction had been had nearly nineteen years before the specific offense here charged.

As has been noted, the court in the *Green Bay Fish Co. Case* stated that a defendant is entitled to a jury trial upon

the issue of previous conviction. This is no doubt correct, but the statement need not be interpreted as a direction that he be tried upon that issue by the same jury and concurrently with his trial of the specific offense charged against him. It seems to me that his rights as well as those of society would be well guarded by following the procedure prescribed by the courts of at least two of the states. Recognizing the fact that proof of the prior conviction tends to prejudice the rights of a defendant, the Connecticut court in *State v. Ferrone* (1921), 96 Conn. 160, 172, 113 Atl. 452, has said:

". . . in *State v. Reilly,* 94 Conn. 698, 110 Atl. 550, we further said, on page 705, that in such an information 'two separate issues are presented: First, was the defendant guilty of the crime charged? This relates to the crime only. Second, if guilty, had the defendant twice before been convicted, sentenced, and imprisoned? This relates to the penalty only, and does not involve or state any other or different crime from that first stated. The jury must by their verdict answer each of these issues.' This plainly indicates that the first issue should be taken up and tried by the jury first and separately; and, if the accused be found guilty on this issue, then the second issue should be tried; . . . In the absence of statutory regulation in this state, it is our opinion that a procedure similar to that prescribed by an English statute (24 & 25 Vict. c. 99, s. 37) should be followed. *Reg. v. Martin,* L. R. 1 Cr. C. 214. The information should be divided into two parts. In the first, the particular offense with which the accused is charged should be set forth; and this should be upon the first page of the information and signed by the prosecuting officer. In the second part, former convictions should be alleged, and this should be upon the second page of the information, separable from the first page, and signed by the prosecuting officer. The entire information should be read to the accused and his plea taken in the absence of the jurors. When the jury has been impaneled and sworn, the clerk should read to them only that part of the information which sets forth the crime for which the accused is to be tried. The trial should then proceed in every respect as if there were no allegations of former convictions, of which no mention

should be made in the evidence, or in the remarks of counsel, or in the charge of the court. When the jury retire to consider their verdict, only the first page of the information, on which the crime charged is set out, should be given to them. If they return a verdict of guilty, the second part of the information, in which former convictions are alleged, should be read to them without reswearing them, and they should be charged to inquire on that issue. Of course, the accused may plead guilty to this part of the information, and then no further proceedings before or by the jury would be necessary. No reason appears why the accused, if he should choose, might not submit this issue to the court without the jury. In this way the well-recognized rights of an accused person will be protected, and the principles of justice and our long-established laws, which have been designed to secure an impartial trial in every criminal cause will be recognized, respected, and obeyed." See also *McWhorter v. State* (1903), 118 Ga. 55, 44 S. E. 873.

Nothing in our statute would prevent the use of the practice here recommended. The statute directs that the prior conviction shall be "alleged in the information and proved or admitted on the trial." A trial is not concluded until judgment is pronounced.

I agree with the majority that the repeater statute, if properly applied, is valid. That is settled by the *Ingalls Case*. But to give sanction to the practice here approved suggests a doubt as to the validity of the statute, at least when so applied. When a court is called upon to deal with due process of law consideration should be given to fundamental rules of practice and evidence which have long been a part of the common law.

Because of the manner in which the previous conviction was allowed to be proved in this case a new trial should be ordered.

I am authorized to say that Mr. Justice HUGHES concurs in this dissent.